## CHESTERMAN *against* G. and W. GARDNER.

A party has no remedy in this Court on the mere ground of a failure of title, if he has taken no covenants to secure the title, and there is no fraud in the case.

Where the defendants *G.* and *W.*, the one by the purchase of a mortgage, and the other by the purchase of the equity of redemption, became possessed of the whole estate, and leased it to the plaintiff for a term of years, and *G.* afterwards assigned the mortgage with notice of the term : *Held*, that the assignment was not a fraud on the plaintiff; and though the property was afterwards sold on a bill for a foreclosure filed by the assignee, and the term thereby merged in the inheritance, yet as the plaintiff himself became the purchaser at the sale under the decree, he thereby waived all right, if any he had, to relief, for the damages he may have sustained by the loss of his term.

The fraud, in such cases, which will entitle a party to relief, is a fraud at the time of the execution of the deed or lease to the plaintiff, and not fraud in a subsequent and distinct transaction.

The possession of a tenant is notice to a purchaser of the reversion, of the actual interest of the tenant, and of the extent of that interest; and the purchaser is bound to admit every claim of the tenant which he could enforce against the vendor.

BILL, filed *October* 12th, 1819, stated, that on the 2d of *July*, 1817, the defendants, for the consideration of 3,000 dollars paid to them, leased to the plaintiff a house and lot,

1820.

CHESTERMAN
v.
GARDNER.

in the City of *New-York*, for the term of nine years, from the 1st of *May*, 1817. The lease contained a covenant on the part of the defendants, for quiet enjoyment during the term. At the time the lease was executed, the defendant *W. G.* was the assignee of a mortgage on the premises, which was then unknown to the plaintiff; and *G. G.* had purchased the equity of redemption of the premises under a sale thereof, on execution; so that the title thereby became united in the two defendants. That, afterwards, during the term, in *October*, 1818, *W. G.*, to injure and defraud the plaintiff, assigned the mortgage to *N. Wells*, who on the 13th of *March*, 1819, filed a bill to foreclose the equity of redemption, and obtained a decree in this Court for the sale of the premises; and upon such sale the plaintiff became the purchaser. That the premises so sold contained twenty feet of additional ground. That before this foreclosure, the plaintiff had expended 2,000 dollars, in improvements on the premises, which sum, as well as the 3,000 dollars paid for the lease is now lost by such foreclosure and sale; and that the plaintiff cannot recover any part thereof at law, on the covenant for quiet enjoyment, contained in the lease. That the defendant *W. G.* ought to have assigned the mortgage subject to the lease, or secured the lease, so that the plaintiff could not be deprived of the benefit of it; or the defendant *G. G.* ought to have redeemed the premises, or the defendants together should have protected the plaintiff from the loss he has sustained, by the mortgage, and the foreclosure and sale under it, by which the lease was wholly extinguished. *Prayer*, that the defendants may come to an account with the plaintiff concerning the losses he has sustained, by being deprived of the benefit of his lease, and be compelled to pay to him his damages, &c.

· The defendants, in their answer, denied that the mortgage was unknown to the plaintiff; or that it was assigned to injure the plaintiff; but that the same was assigned to *Wells*, with notice to him of the lease to the plaintiff. That

the defendants had a right to sell their respective interests in the mortgaged premises, and that the sale could not impair the term of the plaintiff; and they averred that the plaintiff had sustained no loss. That the plaintiff attended the sale under the decree of foreclosure, and endeavoured to depreciate the title of *G. G.*, stating that there was a claim of dower, and giving notice of his term for nine years, and declaring that it would remain good; and so the plaintiff thereby purchased for several thousand dollars less than the price at which the premises would otherwise have sold; and has, therefore, forfeited all right, if any he had, against the defendants.

The cause having been put at issue, witnesses were examined on both sides. The material parts of the evidence are stated in the opinion of the Chancellor.

The cause was brought to a hearing on the 14th of *November* last.

*Wallis*, for the plaintiff.

*H. W. Warner*, for the defendants.

THE CHANCELLOR. There is no sufficient ground disclosed in this case for the interference of the Court.

The defendants leased a house and lot, in the City of *New-York*, to the plaintiff, for nine years, for the sum of 3,000 dollars, which was paid. The lease contained a covenant on the part of the defendants for quiet enjoyment during the term. At the date of the lease the defendant *W. G.* was assignee of a mortgage upon the premises, and the defendant *G. G.* was assignee of the equity of redemption, and between them both united the title. Pending the lease, the defendant *W. G.* assigned the mortgage to *N. Wells*, who filed a bill to foreclose the equity of redemption, and there was a decree of foreclosure and sale, and the plaintiff became the purchaser, and merged his term in the fee.

1820.

CHESTERMAN
v.
GARDNER.

1. There being no actual eviction or ouster, the plaintiff has no remedy at law, under his covenant for quiet enjoyment. The case of *Waldron* v. *M'Carty*, (3 *Johns. Rep.* 471.) is in point. Nor can he have any remedy in this Court, on the mere ground of a failure of title, if he has taken no covenants to secure the title, and there be no fraud in the case. The cases to this point were referred to in *Abbot* v. *Allen*, (2 *Johns. Ch. Rep.* 522, 523.) and they appear to be very clear and explicit. Whether there be any implied covenants in the lease which are not so inconsistent with the express covenant for quiet enjoyment, but that they may exist notwithstanding the express covenant, I have not thought it necessary even to examine, for whatever remedy for damages exists under covenants, express or implied, belongs to a Court of law, and not to this Court. The only relief here on the ground of the failure of title, is fraud: Though fraud be charged in the bill, it is denied in the answer, and there is no positive proof of it, and it is left to be inferred, if inferred at all, from the simple fact that the defendant *W. G.* did afterwards assign the mortgage to *Wells*, and that *Wells* foreclosed the equity of redemption of *G. W.*, who was unwilling or unable to redeem. But I do not think that the mere assignment of the mortgage by *W. G.* to *Wells*, was, of itself, an act of fraud upon the plaintiff. He avers, in his answer, that *Wells* took an assignment of the mortgage with notice of the lease, and that fact of notice is sufficiently in proof. *Wells* testifies, that " he understood from the defendant *W. G.* that the premises were leased to the plaintiffs, and that they were leased either by the defendant *W. G.*, or by him and his father, *G. G.*, jointly," and prior to the assignment of the mortgage to *Wells*, he was with his partner authorized by the defendants to receive the rents from the plaintiffs; and the rent payable on the 1st of *May*, 1817, was received by his partner on the 5th of that month, and a receipt in the partnership name given. After this, it

lay not in the mouth of *Wells*, to deny notice of the term when he became an assignee of the mortgage; and certainly fraud cannot be imputed to the defendant *W. G.*, by the act of assignment. It is, besides, a rule of equity that the possession of a tenant is notice to a purchaser of the reversion, of the actual interest of the tenant and of the whole extent of that interest, and he is bound to admit every claim which could be enforced against the vendor. (*Daniels* v. *Davison*, 16 *Vesey*, 249.)

There is as little colour for the inference of fraud, in the defendant *G. G.*, in suffering the equity of redemption to be foreclosed. It is not to be supposed that because he was unable to redeem a mortgage, and because he had no just defence to make to the bill of foreclosure, that he thereby meditated fraud in fact upon the plaintiff. But the fraud which, in these cases, is to afford relief, means fraud at the time of the execution of the deed or lease: The cases do not refer to subsequent and distinct transactions, which do not affect or impair the good faith which was felt and intended, when the deed was executed.

2. The plaintiff, by becoming the purchaser at the master's sale, and merging his term in the inheritance, has deprived himself of all remedy for any alleged failure of title, for it has become impossible to ascertain the damages which he claims. It is in proof that the plaintiff was very busy at the sale, throwing doubts and difficulties over the title, and that he intimated, that "whoever bought the premises must expect to take subject to his lease." The master says, that the lot was sold by him free of all incumbrances, and not subject to any right of the plaintiff. This was no doubt the formal declaration and intention of the master; but have we not just reason to believe, that the plaintiff's suggestions and pretensions did lessen the bids, and that he is now enjoying, in a greater or less degree, the benefit of his lease, and the value of his own previous improvements? I have no doubt of the fact; and that if he was now to be

paid for his improvements, and for the value of the lease, as he contends for, he would be receiving from the defendants an unconscientious remuneration. If the plaintiff meant to rely upon his covenant, and to seek indemnity from the defendants, he should not have voluntarily speculated at the sale, and mingled his term and the inheritance together, and thereby rendered it impossible for us to tell what damages, if any, he has sustained. How do we know that he would have been evicted, when *Wells* purchased with notice of his term, and when every purchaser at the master's sale, according to the doctrine already referred to, would have taken subject to the like notice and when as a matter of fact his lease was publicly known? Every assignee of a mortgagee with notice of his leases, is bound in equity by those leases equally with him; and there can be no doubt that *Wells* could not have evicted the plaintiff under his assignment of the mortgage. He was as much bound after purchasing with notice of the lease, as the lessor himself. He could not have disturbed the plaintiff, and if he had become the purchaser at the master's sale, he would have been equally bound. The plaintiff elected to purchase himself, and certainly with notice of his own lease, and with his own declaration that the purchase was subject to it. He comes therefore into this Court without any colour of equity to ask for indemnity for the loss of his lease. He purchases, through the means of the decree, from *Wells* the assignee of *W. G.*, and thus the plaintiff may be said to have voluntarily accepted and paid for a release, of the inheritance derived from his own lessor. And can he now come upon the lessor for damages for that sale? By becoming a party to the sale, he has waived all right and title to relief.

On either of these two grounds, therefore, I conclude that the bill ought to be dismissed.

*Bill dismissed without costs.*