## JOSIAH COLBY *versus* BENJAMIN KENNISTON.

J. K. in 1808 conveyed a tract of land to C, and in 1816 conveyed the same land to B. K. In a writ of entry against B. K., he having shewn that there was no deed on record from C. to J. K. and that the latter had absconded and gone to parts unknown, was permitted to show by parol evidence the existence of a deed from C. to J. K.

He who takes a conveyance of land, knowing that another person has a previous conveyance by an unrecorded deed, is guilty of a fraud and cannot hold the land.

And where, in such a case, the first purchaser is in the open visible possession of the land, this is notice to all the world, that he has a deed.

THIS was a writ of entry, in which the demandant counted upon his own seizin of a lot of land in Alexandria, and upon a disseizin by the tenant.

The cause was tried here upon the general issue at November term, 1825, when it was admitted, that one James Kenniston, being seized of the demanded premises, by deed dated the 10th September, 1808, conveyed the

same to H. G. Cilley, who, by deed dated November 3, 1818, conveyed the same to the demandant.

The tenant claimed to hold the land under a conveyance from Cilley to James Kenniston made prior to April 25, 1816, and showed in evidence a deed made by James Kenniston on the 25th April, 1816, conveying the premises to the tenant.

The tenant having shown that there was no deed upon record from Cilley to James Kenniston, and that James Kenniston had absconded and gone to parts unknown, was permitted to show by parol evidence the existence of a deed from Cilley to James Kenniston. And it appeared that the tenant had been in possession since the 25th April, 1816, in the same manner that he had occupied the premises prior to that time.

The court instructed the jury that if they believed that the tenant had been in possession since 1816, and that there was a deed from Cilley to James Kenniston, made in consideration of money expressed in the deed to have been paid, or that the deed was subscribed by two witnesses, the land would pass by the deed, and the tenant was entitled to hold the land against the demandant, although that deed was not recorded.

The jury having returned a verdict for the tenant, the demandant moved the court to grant a new trial.

*I. Bartlett*, for the demandant.

There ought to be a new trial in this case, because the tenant was permitted to go into parol proof of the contents of Cilley's deed without proof of its loss.

If the tenant had been rightly admitted to proof of the contents of the deed by parol evidence, he was bound to produce the subscribing witnesses, and prove the deed by their testimony. By omitting to produce the deed he was not to be placed in a better situation than he would have been, had the deed been produced.

But there is another ground on which we rely. That deed, if it ever existed, was never recorded. The stat-

ute declares " that no deed of bargain and sale, &c. shall be good and effectual in law to hold such lands, &c. against any other person or persons but the grantor or grantors and their heirs only, unless the deed or deeds thereof be acknowledged and recorded. In this case the deed was never recorded.

We are aware that it has sometimes been held that when he who takes a conveyance of land has notice of a prior conveyance of the same land to another person, such notice is equivalent to an actual recording of the deed. But a notice which is to have this operation must be either a personal notice, or such a general notoriety as to justify a jury in presuming notice, or there must be such a change in the possession at the time of the prior conveyance as to amount to notice. In this case there was no proof of actual notice, nor any change in the possession of the land. There was nothing from which notice to the demandant could be inferred, except the circumstance that the tenant continued in possession, and that circumstance alone was not sufficient evidence of notice.

*Woodbury*, for the tenant.

The question, whether the evidence of the loss of the deed was sufficient, was for the court, and not for the jury. It was not necessary that the evidence on this point should have been evidence competent for a jury to consider ; the affidavit of the party might have been admitted. 2 Phillip's Ev. 88.

It need not be strict evidence. If the party last known to have the deed was dead, and his papers not to be found ; or if he had absconded to parts unknown, the tenant must of necessity be admitted to give parol proof of the existence of the deed. 16 Johns. Rep. 193 ; 18 ditto, 74 ; 1 Caine's cases in error, 28.

Here the tenant showed that James Kenniston had the deed, that he had absconded and gone to parts unknown leaving no family, papers, or agent, and that the deed had

never been recorded. This must of necessity be suffi-
cient to entitle him to give proof of the existence of the
deed.

But it is said the tenant was bound to produce the sub-
scribing witnesses. But who were they? It is proba-
ble that some of the witnesses he placed upon the stand,
and who testified to the due execution of the deed, were
the subscribing witnesses. But the tenant has no knowl-
edge of the subscribing witnesses.

The charge to the jury, that possession by the tenant
for two years, previous to the conveyance to the deman-
dant, was competent evidence from which to presume
that the demandant had notice of the deed from Cilley to
James Kenniston, was correct. It was clearly enough to
put the demandant upon enquiry.

It has frequently been so held both in this state and in
Massachusetts. The cases are so familiar it is unneces-
sary to cite them, and the principles upon which the de-
cisions rest are sound, and indispensable to prevent gross
fraud.

RICHARDSON, C. J. We are of opinion that the tenant
in this case, showed sufficient grounds to entitle him to
give parol evidence of the contents of the deed from Cil-
ley. He showed that the deed was not recorded, and
that the grantee could not be found. Indeed, he showed
that he had done every thing that he could do, to obtain
the deed. He brought himself clearly within the broad
and liberal rule which now prevails on this subject. 18
Johns. 60, *Jackson* v. *Root* ; 1 Holt, 601, *Humble* v. *Hunt* ;
Peake's Ev. appendix, 184, *Keeling* v. *Ball* ; 3 B. & B.
285, *Champion* v. *Terry* ; 16 Johns. 193, *Jackson* v. *Frier* ;
2 Caine's Rep. 363, *Jackson* v. *Jewett* ; Phillips Ev. 167 ; 2
Taunt. 237, *Rhind* v. *Wilkinson* ; 1 Taunt. 507, *Garmons*
v. *Swift* ; 1 caine's Cases, XXVII, *Livingston* v. *Rogers* ;
1 Pick. 114, *Shumway* v. *Holbrook.*

We are also of opinion that the directions, which were
given to the jury in this case, were correct.

Colby
*v.*
Kenniston.

He, who takes a conveyance of land, knowing that another person has a previous conveyance of the same land from the same person by an unrecorded deed, is guilty of a fraud and cannot hold the land. And it is well settled that if the first purchaser is in the open visible possession of the land, this is sufficient evidence of notice, that he has a deed, to all the world. Because it is not to be supposed that any man would purchase land of one man, while another was in the open visible possession, without due enquiry as to the title of him who had the possession. These principles have long been considered as settled in this state. 2 Mass. Rep. 506, *Norcross* v. *Widgery* ; 6 ditto, 487, *Davis* v. *Blunt* ; 14 ditto, 296 ; *Connecticut* v. *Bradish* ; 16 ditto 406, *Trull* v. *Bigelow* ; 10 ditto, 60, *Prescott* v. *Heard* ; 1 Pick. 164, *Priest* v. *Smith* ; 4 Mass. Rep. 637, *Farnsworth* v. *Childs.*

*Judgment on the verdict.*