## ROGERS *vs.* JONES.

Where a subsequent purchaser has actual or constructive notice of the exist-
ence of a prior conveyance, from the same grantor, not recorded, he cannot
hold the land against the prior grantee.

Circumstances may exist such as should put a party on enquiry, but which do
not amount to constructive notice of the existence of a title. In such cases,
if the party make proper enquiry, and has good reason to believe that no
deed exists, he is not to be charged with constructive notice of an unrecorded
conveyance.

Constructive notice is founded on such presumptive evidence of notice as can-
not be contradicted.

Notice of possession by a third person is in general sufficient to put a purchaser
upon enquiry, and if he neglect it to charge him constructively with notice
of any title under which the tenant in possession may have entered ; but it
does not necessarily constitute constructive notice of the existence of a title
in the party in possession, as the presumption of notice arising from it may
be rebutted.

Where a deed was duly executed and delivered, conveying the premises to the
wife of the tenant in possession, with a condition that if she paid a certain
sum in a specified time the deed should be in force, otherwise void ; but it
was not acknowledged, and was left in the hands of the grantor for that pur-
pose, and he on the same day made a mortgage to another person, declaring
at the time that the first deed, which he exhibited, had never been delivered ;
there being no evidence of any change of possession, or acts of ownership,
after the making of the first deed, nor any other notice of its existence as a
valid conveyance ; it was *held*, that the mortgagee, whose deed was first re-
corded, had the better title.

WRIT OF ENTRY, to recover a farm in Peeling. Upon the
trial it appeared, that one Samuel Newhall, being seized of
the demanded premises, in the morning of the 11th of Sep-
tember, 1830, made a deed conveying the same to Sally
Jones, the wife of the tenant, in fee, with a condition, that
if she should pay to the grantor $205 50, in four years, with
interest annually, the deed was to remain in force, but other-
wise to be void. This deed was delivered to said Sally at
the time it was made, and then returned to Newhall, that he

might go with it to a justice of the peace and acknowledge it.

Rogers, the demandant, on the same day, before he had any notice of the existence of said deed, having sued out writs against Newhall, caused the demanded premises to be attached, and copies of the writs and returns to be lodged with the townclerk of Peeling.

After this was done, and in the afternoon of the same 11th of September, Rogers and Newhall met at the house where said Sally Jones, and the tenant, Stephen M. Jones, her husband, resided, and a conversation took place there respecting a mortgage of the demanded premises, to be given by Newhall to Rogers.

The tenant introduced evidence tending to show, that Rogers requested Newhall to give him a mortgage, and that he replied that it would be of no use, as he had that day conveyed the land to said Sally Jones, but he would give one if Rogers chose to take it.

On the other hand, a witness for the demandant testified, that when Newhall found the land had been attached he proposed to Rogers to release his attachments, and stop his actions, and he would have the personal property attached sold, so as to reduce the claims of the demandant within $300,—and would give a note for that, and secure it by a mortgage of the demanded premises, to which the demandant agreed—that Newhall had the deed to Sally Jones then in his possession, and declared it had not been delivered—that a mortgage was made to the demandant—and that both deeds were then delivered to the witness, to be put upon record, with directions to have the deed to the demandant first recorded, which was done.

The court submitted it to the jury to find whether Rogers, when he took his deed, had notice that the deed to Mrs. Jones had been delivered; and, the jury having found that he had no notice, the court directed a verdict to be taken

for the demandant, subject to the opinion of the court upon the foregoing case.

*Bell*, and *Hinds*, for the tenant. Samuel Newhall was the owner of the land. The deed to the tenant's wife was duly executed and delivered, and then given back to Newhall to acknowledge and get it recorded. The title was in her as between the parties.

The jury having found that the demandant, when he took his deed, had no notice of the delivery of the prior deed, there is no question of fraud between these parties. Both claim as purchasers under Newhall, and the question is which has the better title.

Newhall's declaration was false. Shall the tenant and his wife suffer? The deed had been delivered. The title had passed. Can the false assertion of Newhall alter the tenant's rights? It was not the tenant's false assertion. Newhall held the deed for a lawful purpose, but he was not the agent of the tenant or his wife, nor authorized to do any act, or make any declaration, affecting the title.

The demandant knew that the deed was made—knew that the grantee was in the house, and the witnesses there, and he should have enquired of them. But he preferred to rely on the statement of Newhall rather then enquire. Whatever is sufficient to put the party on enquiry is good notice. *Fonblanque's Eq.* 417; 4 *Johns. Ch. Rep.* 46, *Green* vs. *Slayter; ditto* 267, *Sterry* vs. *Arden;* 2 *Mass. Rep.* 506, *Norcross* vs. *Widgery;* 4 *Mass.* 637, *Farnsworth* vs. *Childs.*

It is not necessary that there should be absolute knowledge. Constructive notice is sufficient, which shows that there need not be positive knowledge.

In addition to the other circumstances, the tenant and wife were in possession at the time the demandant took his deed, which is equivalent to positive knowledge.

As the demandant, with full knowledge that a valid deed

was in existence, chose to rely on the false statement of Newhall, without making the proper enquiry, he should bear the loss.

*Bartlett*, and *Rogers*, for the demandant. The statute provides that a deed shall not be good to hold against third persons, unless acknowledged and recorded. There is no exception in the statute. An exception has been made, but solely on the ground of fraud.

Notice of the existence of a deed is sufficient, and this may be express or constructive. The simple question, in this case, is, whether such notice was given. Newhall, when the deed was discovered, said it had not been delivered, and he had it then in his possession. To say nothing about Newhall's being agent, this is sufficient. The jury have found there was no notice of a delivery, which was essential to its validity as a deed.

But trusting the deed in the hands of the grantee made him the agent of Mrs. Jones, so far as to bind her by all his declarations.

There must be fraud, or clear and undoubted notice of the existence of a prior title. 2 *Atk. Rep.* 275, *Hine* vs. *Dodd ;* 8 *Johns.* 107, *Jackson* vs. *Given & a. ;* 3 *Ves.* 478, *Jolland* vs. *Stainbridge.*

Fraud must be clearly proved. 2 *Mass. Rep.* 509, *Norcross* vs. *Widgery ;* 3 *Pick. Rep.* 154, *McMechan* vs. *Griffing ;* 7 *Green.* 200, *Lawrence* vs. *Tucker.*

Here had been no change of possession.

PARKER, J. Both parties claim title under Samuel Newhall, who was once the owner of the premises. Both offer in evidence the deeds of Newhall. The deed to the wife of the tenant was first signed, sealed, and in fact delivered. The deed to the demandant was first placed upon the record. Under these circumstances the demandant must prevail, unless he had notice of the existence of the deed

to the tenant's wife. If he is chargeable with actual or constructive notice of the existence of the prior conveyance, such notice will have the same operation in this case as a record.

There is no doubt that the demandant, when he took his deed, knew that a deed had been written, signed, sealed, and witnessed, purporting to convey the land to the wife of the tenant. Had this been all that was actually done, and had the deed remained in the possession of the grantor, there could have been no question in this case. If the deed had not been delivered, it could not have affected the title of the demandant, and notice of facts which could not affect his title would not, of course, prejudice it.

The case must go farther than this in order to raise a question, and it does go farther. The deed to the tenant's wife had been, in fact, delivered. But, not having been placed upon the record, this cannot affect the demandant unless he is chargeable with notice of this, also. Unless the notice included this, he had not notice of the existence of a prior title.

If the party rely upon actual notice, it must be a notice that there is an existing prior conveyance, and not merely that a conveyance has been contemplated, but has not been perfected. This the tenant attempted to prove, but the jury have negatived any such knowledge on the part of the demandant. And they were fully warranted in coming to that conclusion ; for it would have been most strange that the demandant, who had completed an attachment of the land without any notice, should subsequently have released his attachment, and taken a mortgage, after he had been informed that a deed existed, which, although it could not probably affect his attachment, would render his mortgage of no validity.

It is urged that the demandant, having notice that a deed was written, &c., was put upon enquiry, and that he ought to have enquired of the grantee and the witnesses.—If facts

exist such as should put a party on enquiry, he is of course to enquire.   4 *Johns. Ch. Rep.* 46, *Green* vs. *Slayter ;* 2 *Mason's Rep.* 536, *Dexter* vs. *Harris ;* 5 *Binney* 132, *Lessee of Billington* vs. *Welsh ;* 2 *Ves. Jr.* 440, *Taylor* vs. *Stibbert ; Fonblanque's Eq.* 416, (*4th Amer. Ed.*) *in notes ;* 4 *Mass. Rep.* 639, *Farnsworth* vs. *Childs.*   To say that he was put upon enquiry, and that having made all due investigation without obtaining any knowledge of title, he was still chargeable with notice of a deed, if one did really exist, would be absurd.   2 *Coventry's Powell on Mortgages* 577, *note, cites Crofton* vs. *Ormsby,* 2 *Sch. & Lef.* 583. If he neglects to enquire it is at his peril, and he is in such case chargeable, constructively, with notice of what he might have learned on examination.   *Ibid ;* 1 *Johns. Ch. Rep.* 267, *Sterry* vs. *Arden ; ditto* 299, *Frost* vs. *Beekman.*

But there seems to have been nothing in the information he received which called for farther enquiry.   All the notice which the demandant had in relation to the deed came from Newhall, and carried with it evidence that no deed had any valid existence.   From no other source does he appear to have had any intelligence respecting it.   It amounts, then, to no more than this, that the demandant was informed by Newhall that he had prepared a deed conveying the premises to the tenant's wife, which was still in his possession, having never been acknowledged or delivered, but that he would give him a mortgage, and he at the same time exhibited the deed under his control.   If the tenant and wife will avail themselves of the notice which Newhall gave, they must take the whole together, and so taken it is not in fact a notice of the existence of a deed, but only a notice that a conveyance was in contemplation.   It is urged that he ought to have enquired of the grantee, but under these circumstances we think he was not bound to do so.   Had he received intelligence from some third person, that a deed had been executed to the tenant's wife, and had the grantor not had the deed in his possession, it might have been necessary for

him to have made a farther enquiry.   But if the tenant and wife entrusted the deed in the hands of Newhall, after its execution, and before it was recorded, they must be bound by the use he made of that possession to deceive the demandant, so far as to have their title postponed to his.  This possession of the deed went to prove his allegation that it had not been perfected by delivery.   It is not usual for the grantor to have possession of a deed after it is delivered ; and the principle, which is not of universal application, that if one person commit a fraud, by which one of two others must suffer, he who trusted the fraudulent party, and thereby enabled him to deceive the other, should bear the loss, may well be sustained here.    9 *Mass.* 59, *Storer* vs. *Logan ;* 6 *Mass.* 428, *Thurston* vs. *McKnown.*   It may be remarked, also, that the deed to the wife is upon condition that she pays a certain sum within a term of years.    There was, therefore, less reason to doubt the assertion of Newhall that no purchase had been completed.

It is further urged, that the tenant and wife were in possession, and that this furnished constructive notice, and is equivalent to positive knowledge.   Constructive or legal notice has been said " to be in its nature no more than evidence of notice, the presumptions of which are so violent that the court will not allow even of its being controverted," notwithstanding it is " sometimes contrary to the fact."    2 *Anstruther's Rep.* 438, *Plumb* vs. *Fluitt ;* 2 *Coventry's Powell* 562, *note D ;* 5 *Binn.* 132, 134.   It does not appear from the case, that the tenant and wife were in possession, or if they were, that the demandant had any knowledge of that fact.    But assuming that they were, and had been in possession, as has been suggested in the argument, this possession cannot avail, for similar reasons to those before stated. Possession is by no means conclusive evidence of the existence of a title in the party in possession.    It may be *prima facie* evidence of title, and is in general a sufficient notice to put a third person on enquiry, (4 *N. H. Rep.* 266,

*Colby* vs. *Kenniston ;* 16 *Vesey* 254, *Daniels* vs. *Davison ;* 1 *Merivale* 283, *Allen* vs. *Anthony,*) and to charge him constructively with notice of an existing title, under which the tenant entered, if he neglects it. But, being a notice which puts a party on enquiry, merely, it is not, as we have seen, necessarily constructive notice. If the demandant had enquired of the tenant whether he held a deed, and been told he had none, it would be very preposterous to say that he was, notwithstanding, to be charged with constructive notice of the deed to the wife, because she also lived on the land, and he had not enquired of her. Were this otherwise, an owner who was in possession would have an absolute exemption from the provisions of the registry act, his possession amounting to constructive notice, or in other words to conclusive evidence of notice of his title.

Undoubtedly, under ordinary circumstances, the enquiry should extend to the party in possession. But the demandant in this case may be presumed to have known, and by his attachment appears to have known, that Newhall had good title to the land the day previous, and he knew, therefore, that the possession of the tenant, up to that time, was no evidence of title. He had no notice that any had passed afterwards. His only notice was that a transfer was intended, giving the grantee a right to purchase. The jury have discredited the evidence which tended to carry the notice farther. Newhall represented himself as still the owner, and no grounds of suspicion of the truth of this representation are shown which should naturally have led to a farther enquiry of the proposed grantee, although the grantee was in possession.

Besides, it may well be doubted whether possession can be regarded as furnishing notice of a title acquired after the possession commenced, unless it be coupled with undoubted acts of ownership, such as the erection of buildings, although in *Allen* vs. *Anthony*, 1 *Merivale* 282, it seems to have been held that mere possession was constructive notice of a title acquired after the date of the possession. 3 *Pick.* 156,

Rogers
vs.
Jones.

*McMechan* vs. *Griffing ; 5 Pick.* 450, *Newhall* vs. *Pierce ; 8 Green.* 98, *Hewes* vs. *Wiswall ; 6 Mass.* 487, *Davis* vs. *Blunt ; 10 Mass.* 63, *Prescott* vs. *Heard ; 8 Pick.* 329, *Boynton* vs. *Reed.* The *prima facie* evidence of title resulting from possession may be rebutted by showing that the party entered as tenant to another, and so possession may be held, *prima facie*, to put a purchaser upon enquiry, and if he neglect it, to charge him with notice of a title in the tenant ; but the inference of notice derived from that fact alone may be rebutted by showing that the party entered without any title. It is the change of possession, or at least some manifest act of ownership, which attracts attention, and which alone should charge third persons with notice, and not the mere remaining in possession after an entry which was under no claim of title. If the demandant had enquired the day before, even of the tenant, or his wife, he must have been told, notwithstanding the possession, that there was no title in the tenant or his wife ; no deed even written. The possession was not then notice of a title, for none existed ; and how is it that on the following morning this possession, which the day before was notice of nothing, becomes constructive notice of a title in the possessor. It is quite enough that a person who purchases, or takes some title, and enters into possession under his title, and he who has done some notorious act inconsistent with the idea of a tenancy, should be practically exempted from the operation of the registry act, without extending the exemption farther.

Whether any possession, where it is not shown to have been known to the second grantee, and where it is so recent that it cannot fairly be presumed to have come to his knowledge, can be considered such an " open visible possession" as to have any operation against him, may deserve enquiry. Expressions in some of the authorities would seem to indicate that there should be knowledge of the possession. 2 *Ves. Jr.* 440 ; *5 Binn.* 134 ; *6 Mass.* 489 ; *Coventry's Powell* 576, 577, *note ; 3 Paige's Ch. Rep.* 423, 437,

*Grimstone* vs. *Carter.* But others contain no such qualifi-
cation. 5 *Johns. Ch. Rep.* 29, *Chesterman* vs. *Gardner;*
2 *Paige's Ch. Rep.* 300, *Governeur* vs. *Lynch;* 4 *N. H.
Rep.* 266.

The reason set forth for the principle laid down in *Colby*
vs. *Kenniston,* shows that the general doctrine of that case
may properly be subject to the limitations now suggested;
and we are of opinion that this case does not show either
an actual or constructive notice of the existence of the deed
to the wife of the tenant, as a subsisting title.

*Judgment for the demandant.*