HON. PIERPOINT ISHAM, } ASSISTANT JUDGES.
HON. MILO L. BENNETT, }

---

### CHARLES D. STAPLES *v.* PORTER FLINT.

*Equitable claim of plaintiff against another no defense to his legal claim, arising out of the same matter, against the defendant.*

The defendant gave the plaintiff a written lease of certain premises, and before the expiration of it he deeded the same premises to a third person without making any reservation of the plaintiff's rights. *Held*, that the fact that the grantee had such notice of the plaintiff's rights as would enable the plaintiff to maintain them in a court of equity, constituted no defense and would not prevent the plaintiff from pursuing the defendant on his contract in an action at law.

Staples *v*, Flint.

ASSUMPSIT upon a lease of a certain piece of land, from the defendant and Franklin Larned, (as to whom a *non est inventus* return was made on the plaintiff's writ,) to the plaintiff, upon which to erect a bowling alley. Plea, the general issue; trial by jury, June Term, 1855,—POLAND, J., presiding,—when a verdict was returned for the plaintiff. Upon the trial, exceptions were taken by the defendant, the nature of which, and the facts upon which they were founded, being sufficiently stated in the opinion of the court.

*T. Bartlett* for the defendant.

*Peck & Colby* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J. The defendant Flint and his associate Larned leased to the plaintiff, by a writing, not acknowledged, the land on which to erect a bowling alley, as long as the building should be used for that purpose, upon certain conditions. After the alley was erected, they conveyed the land to a third party, representing to such party that the plaintiff had forfeited his lease by non-performance of certain conditions. It turned out, upon trial, that the plaintiff had not incurred such forfeiture. It is now urged that as the grantee of the land had notice of the plaintiff's title, he is bound by it, and may be compelled to confirm it. This is probably so. But the conveyance did vest the whole title in the land, as against the defendant and Larned, in the grantee; and we think the plaintiff is not bound to contest his claim in equity, with the grantee, which will only bring it around against the defendant in another form, if he prevails; but that he may go against the defendant, at law, upon his written contract.

Judgment affirmed.