JAMES BUSWELL *v.* JOHN MARSHALL AND JAMES WILSON.

*Landlord and Tenant. Lien on Crops. Tenant's Attaching Creditors.*

The rights of a lessor, through a lien in the lease reserved, to crops raised on premises demised for a term of years, are not, as against attaching creditors of the lessee, affected by defective registration or want of acknowledgment of the lease. Thus, where in trespass by an officer against lessor and lessee of a farm for a quantity of hops which the officer had attached as the property of the lessee, and which lessor and lessee had afterwards sold, it appeared that the hops were grown on the demised premises in the second year of a term created by a lease wherein the lessee agreed that the crops to be raised should be held for rent, &c., but which was never acknowledged, nor recorded until shortly before the hops were attached and before the close of the term, it was *held*, that the lease was good between the parties, and that the lessor's lien was valid as against creditors of the lessee.

The crops when sold were worth more than enough to pay the lessor's lien and satisfy the claim of the attaching creditor. Plaintiff urged that for that reason defendants were liable, but it was *held* that as no part of the hops could be the lessee's until rent, &c., was paid, and as he could have no attachable interest in them unless the lessor's lien was to be regarded as a lien reserved by a vendor of personal property, and as plaintiff had not complied with the statute in such case provided, the defendants were not liable.

TRESPASS for a quantity of hops.    Plea, general issue with notice of special matter.    Trial by the court, September Term, 1877, POWERS, J., presiding.

It appeared that on October 8, 1870, defendant Wilson, by indenture of that date, demised to defendant Marshall a certain piece of land in Brownington, for the term of two years from that date, for a certain sum in money, and annual payment of the taxes and insurance, Marshall agreeing therein that all the crops raised on the land should be held for the rent, taxes, and insurance. That part of the indenture containing the agreement as to crops was attested by only one witness ; and the indenture was never acknowledged, nor recorded until September 3, 1872, shortly before the expiration of the term thereby created.    Marshall entered immediately into possession of the premises under his lease, and there remained, paying the rent, taxes, and insurance at the end of the first year, and continuing in possession the second year without making any other or different arrangement.    In 1872 he raised a quantity of hops ;  and in the fall of that year, after the lease was so recorded, the plaintiff, a deputy sheriff, attached them as the property of Marshall, on two writs issued at the suit of William W. Grout, and the property was duly charged in execution for $120.36.    After the attachments were made as aforesaid, the defendants sold and delivered the hops to one Morgan for about $430, which was about $100 less than they were really worth, Wilson receiving of the proceeds thereof enough to pay the rent reserved in the lease, and to pay the sum of about $70 that Marshall owed him for money before then advanced, and Marshall receiving the remainder, which was about $180.    That sale and delivery were the trespass in question.

The plaintiff contended that the lease was inoperative to protect Wilson, and void, because it was not duly attested, acknowledged, and recorded ;  and that, if the lien was effectual, Wilson was liable for having sold of the hops more than enough to pay the rent, taxes, and insurance.    But the court held that he had a valid lien, and did not render himself liable by so selling, and rendered judgment for the defendants ;  to which the plaintiff excepted.

*William W. Grout*, for the plaintiff.

The lease afforded Wilson no protection after the first year, not having been duly acknowledged and recorded. Gen. Sts. c, 65, s. 7. It was inoperative after one year, except as against Wilson and his heirs.

The hops having been worth ·about $300 more than enough to pay rent, &c., and the plaintiff's claim being only $120.36, the defendants should be held liable.

*C. J. Rowell*, for the defendants.

The hops having been raised on Wilson's land were the proper subject of lien. *Smith* v. *Atkins*, 18 Vt. 461; *Esdon* v. *Colburn*, 28 Vt. 631; *Baxter* v. *Bush*, 29 Vt. 465. Marshall having entered into possession under the lease and conformed to it, the rights of parties are to be regulated by it. *Esdon* v. *Colburn*, *supra*; *Lemington* v. *Stevens*, 48 Vt. 38.

Plaintiff was affected by the lien. *Smith* v. *Atkins*, *supra*; *Briggs* v. *Oaks*, 26 Vt. 138; *Gray* v. *Stevens*, 28 Vt. 1; *Bellows* v. *Wells*, 36 Vt. 599; *Lewis* v. *Lyman*, 22 Pick. 437.

To hold Marshall's interest, plaintiff should have complied with Gen. Sts. c. 33, s. 28. *Hefflin* v. *Bell*, 30 Vt. 134; *Fales* v. *Roberts*, 38 Vt. 503; *Duncan* v. *Stone*, 45 Vt. 118. The rights of Wilson are governed by the rules applicable in conditional sales of personal property. POLAND, C. J., in *Bellows* v. *Wells*, *supra*.

The plaintiff not having complied with the statute of 1854 gains nothing thereby. Under the previous law Marshall was simply a bailee of the property — not having paid the rent, &c. *West* v. *Bolton*, 4 Vt. 558, and cases *passim*.

Wilson might lawfully sell more than enough to pay the rent, &c. *Tinker* v. *Cobb*, 39 Vt. 483.

The plaintiff gained no lien by the attachments, and cannot maintain trespass against any one having an interest in the property. *Swift* v. *Moseley*, 10 Vt. 208; *Cox* v. *Hall*, 18 Vt. 191; *Hurd* v. *Fleming*, 34 Vt. 169.

12

The opinion of the court was delivered by

DUNTON, J. I. The plaintiff claims that the lease from Wilson to Marshall is inoperative after one year, except as to Wilson and his heirs : and therefore Wilson could have no lien by virtue of said lease, upon the hops in question, as against him, the plaintiff, the same having been raised upon the leased premises the second year of the occupancy of Marshall under said lease.

A deed or lease of lands for more than one year, when not acknowledged and recorded, is, by statute, ineffectual *to hold such lands* against any other person than the grantor and his heirs. See s. 7, c. 65, Gen. Sts. But as the hops in question were *personal* property, we fail to see how the title to the same was affected by the alleged infirmity in the lease.

Although the lease was for two years, and was neither acknowledged nor recorded, until just before the commencement of this suit, it was valid, as between the parties; and Wilson could thereby dispose of the crops to be grown or raised upon the leased premises, during the two years it had to run; and the title to the same, when harvested, could not, in any way, be affected by the alleged defective character of said lease. Wilson's lien, therefore, upon the hops was valid as against an attaching creditor of Marshall. *Smith* v. *Atkins*, 18 Vt. 461; *Bellows* v. *Wells*, 36 Vt. 599.

When a lessee goes into possession of premises under such a lease as the one in question, and conforms to the terms of the same, it being valid as between the parties thereto, their rights are to be regulated and determined thereby, when there is no change in the title of the lessor, so long as such occupancy, under the same, continues. *Town of Lemington* v. *Stevens*, 48 Vt. 38. But such occupancy is liable, at law, to be terminated by the intervention of an attaching creditor or a grantee of the lessor. *Staples* v. *Flint*, 28 Vt. 794. The lessee, however, under certain circumstances, by invoking the aid of a court of equity, might have the lease confirmed as against such attaching creditor or grantee. But the rights of the lessor under such a lease, cannot be affected by any intervening rights of an attaching creditor of the lessee who has only such title to the crops raised upon the

leased premises as is given him by the lease.    Were the lease wholly inoperative or void, then the crops would belong to the lessor, assuming that he is the owner of the leased premises ; and therefore the lessee could have no attachable interest therein.

II.    It is also claimed by the plaintiff that, inasmuch as the case shows that the hops in question were worth more than enough to pay Wilson's lien upon them, and satisfy the executions issued upon the judgments obtained upon the writs on which they were attached, the defendants ought to be held liable.

By the terms of the lease, the hops were " holden to Wilson for the rent, taxes and insurance" ; therefore, no part of the same could become Marshall's except by the consent of Wilson, until such rent, taxes and insurance were paid in full.    Neither did Marshall have any attachable interest in the property, unless the lien of Wilson is to be regarded the same as a lien reserved, by the vendor, upon a conditional sale of personal property, and the hops were attachable, under s. 28 of c. 33, Gen. Sts. ; but as no attempt was made to comply with the terms of the statute, it is unnecessary for us to determine whether Marshall's interest in the hops was attachable under the same. or whether this is a *casus omissus*, and such interest was not attachable under the circumstances of this case.

*Judgment affirmed.*