NICHOL *v.* McDONALD.

Opinion delivered June 1, 1901.

LANDLORD AND TENANT—RENT—EVICTION.—Where the defense to an action to recover rent for a tract of 60 acres was that the plaintiff had wrongfully evicted defendant from 4 acres, a material part, of the land, a finding of the jury that before the plaintiff sold the 4 acres of land the plaintiff and defendant had agreed that either one of them might make a sale of the land is an insufficient basis for a judgment for plaintiff because the tenant might be willing to have the whole tract sold when he would not consent to the sale of a part, and because the jury failed to find whether and to what extent defendant was entitled to a reduction in the rent.

Appeal from Greene Circuit Court.

FELIX G. TAYLOR, Judge.

STATEMENT OF FACTS.

In February, 1898, W. J. McDonald rented to Lewis Nichol a farm in Greene county, known as the "Clark Rowland place," containing about 60 acres of open land, for the term of 3 years at $175 rent per year. The written contract entered into by the parties also specified that Nichol had the option to purchase the place at the price of $25 per acre, taxes and interest. The rent was, under the contract, due and payable one-third on the 1st day of August, one-third on the 1st day of October, and one-third on the 1st day of December of each year. The first installment of rent, due August 1, 1898, not being paid, McDonald brought suit to collect the same. Nichol, for defense, alleged that McDonald had wrongfully evicted him from a material and valuable part of said farm, and had thus forfeited his right to recover rent. On the trial before a jury, there was evidence tending to show that McDonald, on July 16, 1898, sold and conveyed 4 acres of the land to certain parties, as trustees for the Catholic church of Paragould. The church bought it for a burial place, and soon afterwards took possession of it. The testimony, though rather vague on this point, tends rather to show that McDonald consented to the possession on the part of the trustees. As to whether Nichol consented to the

sale of this 4 acres, the evidence is conflicting; but there was evidence tending to show that he consented to a sale of the whole tract. The jury failed to agree on a verdict, but, in response to the following special interrogatories submitted to them by the court, they answered as follows: (1). "Do you find that when the plaintiff sold the 4 acres he reserved defendant's rights as a tenant?" Answer. "No." (2) "Do you find that before plaintiff sold the 4 acres of land the plaintiff and defendant had agreed that either one of them might make a sale of the land?" Answer. "Yes."

Thereupon the court gave judgment in favor of the plaintiff for $58.39, that being the full amount of the first installment of rent. From this judgment the defendant appealed.

*Crowley & Huddleston,* for appellant.

Eviction, partial or entire, works forfeiture of rent. Smith's Land. & T. * 211, 212; Tied. Real Prop. 130-1; 2 Ballard's Ann. Real Prop. § 348; 4 *id.* § 420; 1 U. S. 769; 12 Am. & Eng. Enc. Law, 758, *b* and *c;* 7 *id..* 37-42. It was error to admit parol evidence to establish a reservation not in the lease. 29 Ark. 544; 20 Ark. 294; 4 Ark. 154; 1 Greenleaf, Ev. 282, 319; 30 Ark. 186; 2 Rice, Ev. 1260.

*J. D. Block,* for appellee.

No objections or exceptions having been saved to the admission of evidence and giving of instructions, there is nothing for review by this court. A partial eviction does not forfeit the entire rent, unless the tenant yields entire possession of the premises within a reasonable time. 120 Mass. 284; Taylor, Landlord & T. § 381; 140 Ill. 531; 146 Ind. 175; 90 N. Y. 293; 75 Ala. 188. There was no such eviction as works a forfeiture of rent. 22 Pa. St. 144. *Cf.* 31 N. Y. 514; 10 Gray, 285; 69 Ill. 211.

RIDDICK, J., (after stating the facts). This is an action by a landlord against his tenant, to collect an installment of past-due rent. The defense of the tenant was that the landlord had previously evicted him from a material portion of the demised land. Though it is doubtful whether many of the questions which counsel for the appellant have argued in their brief are properly presented by the record, yet we are relieved from discussing that question, for there is one error which appears on the face of the record which requires a reversal of the judgment. The findings of the jury were not sufficient to authorize the judgment of the court. It will

be noticed, from an inspection of the interrogatories and the answers thereto, that the jury found that the tenant had consented to a sale of the land. They do not expressly say that he consented to a sale of the portion of the land sold by the landlord. The fact that the tenant had agreed that the landlord might sell the whole of the demised tract would not necessarily show that he had consented that the landlord should sell any portion of it and put the vendee in possession. The tenant had, under the contract read in evidence, the option to purchase the land at any time during the continuance of his lease at a certain price per acre. If the whole tract was sold at a price greater than that named in the option, the excess would go, as a profit, to the tenant. Under such a contract the tenant might be willing for the whole tract to be sold, and yet be unwilling to consent to a sale of a portion only. The question propounded to the jury should not have been whether he consented to a sale of the whole tract, but whether he consented to the sale of the part sold, and of which he claimed to have been dispossessed. But, conceding that the presiding judge, in asking the jury whether the tenant agreed to a sale of the land, referred to the 4 acres sold, and admitting that the tenant consented to the sale of this part of the tract, and to its possession by the vendee, still in that event he would be entitled to a reduction of his rent to that extent. It would be very unjust to permit a landlord to collect rent from a tenant for that part of the land which he had sold and placed in possession of another. But the question of the rental value of these 4 acres of land sold by the landlord, or its effect upon the rental value of the remainder of the tract, was not submitted to the jury, nor determined by them, and there is nothing in the evidence from which we can determine it with any degree of certainty. The judgment must therefore be reversed, and a new trial ordered, for the reason that the findings of the jury were not sufficient to authorize the judgment.