FRANK LARAWAY *v.* L. E. TILLOTSON.

October Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed October 31, 1908.

*Landlord and Tenant—Lease—Construction—Landlord's Lien on Crops—Effect—Validity—Purchase From Tenant—Notice.*

A lease of a farm at a specified annual cash rental, providing that the lessor should receive one-half of all the produce as it was sold, until the whole rent was paid, and reserving a lien on the produce for the payment of the rent and for the faithful performance of the contract, reserved to the lessor the power of sale of the produce of the farm until the rent was paid in full and the other conditions of the lease performed, although a subsequent clause required the lessee to leave as much hay on the farm as when he took possession, and provided that he should pay at a specified rate for any deficiency, and receive pay from the lessor at the same rate for any excess.

A lessor's lien on the produce of a farm, reserved in a lease as security for the payment of the rent and the lessee's faithful performance of the contract, retains in the lessor the sole ownership of the produce until the lessee has fully complied with the conditions and provisions of the lease, and has that effect not only between the parties, but as against purchasers of the produce from the lessee without either actual or constructive notice.

TROVER for a quantity of maple sugar. Plea, the general issue. Heard on an agreed statement of facts at the June Term, 1908, Lamoille County, *Haselton*, J., presiding. Judgment for the defendant to recover his costs. The plaintiff excepted.

The fifth clause of the lease referred to is as follows:

"Said Laraway is to receive one-half of all the income, increase, products and produce of every name and kind as soon as the same is sold, until the full sum of $150 is paid."

The lease was properly recorded in the Land Records of the town in which the farm is situated.

*W. E. Tracy* for the plaintiff.

A lien reserved in a lease on the crops places the sole ownership in the lessor until all the conditions and provisions in the lease have been fully complied with. *Smith* v. *Atkins,* 18 Vt. 461; *Briggs* v. *Oakes & Bennett,* 26 Vt. 138; *Gray* v. *Stevers, et al.,* 28 Vt. 1; *Edson* v. *Colburn,* 28 Vt. 631; *Baxter* v. *Bush,* 29 Vt. 465; *Bellows* v. *Wells,* 36 Vt. 599; *Lemington* v. *Stevens,* 48 Vt. 48; *Buswell* v. *Marshall et al.,* 51 Vt. 87. Defendant purchasing this property of the lessee, took it subject to all the rights of the lessor. This lease being recorded in the Town Clerk's office at Waterville in the Land Records, should have been notice to defendant of plaintiff's rights. Cases *supra.* But the recording of this lease was not necessary to make Tillotson liable, the lease being good between the parties will bind an innocent purchaser, although the lease is not recorded, until all the conditions and provisions of the lease have been fully complied with by the lessee. The maxim *caveat emptor* applies in this case. *Buswell* v. *Marshall et al.,* 51 Vt. 87.

*M. P. Maurice* for the defendant.

This lease reserves a lien only; it does not retain the property in the produce. 25 Cyc. 661; 19 Am. St. Rep. 23. The Vermont cases on which plaintiff relies are where either the lessor reserved the ownership of the produce, or the rights of an innocent purchaser were not involved. But by the fifth clause of the lease, the lessor had the right to sell and so could convey good title to defendant. Benj. Sales, (6 Am. Ed.) 450, 460; *Fitzgerald* v. *Fuller,* 19 Hun. 180; *Weaver* v. *Bordun,* 49 N. Y. 286.

TYLER, J.  This case was tried in the court below upon
the following agreed facts:

"The plaintiff Laraway leased a farm and stock to one
John Root under a written lease which is herewith submitted.
During the spring of 1907 the tenant manufactured sugar on
the farm and sold it to the defendant to the amount of $71,
and the defendant paid him for it.  The defendant had no
notice of the terms of the lease except as they were to be ob-
tained from a record of the lease in the town clerk's office in
Waterville, nor had he any other notice or knowledge of the
existence of the lease nor that Root was the plaintiff's tenant.
No notice or demand was made by the plaintiff on the de-
fendant of the plaintiff's claim as indicated by the lease until
the last of May, 1907.    The defendant refused to return the
sugar to the plaintiff or pay him therefor.  Root has not paid
the rental on the farm as specified in the lease, at least, to the
amount of $53.49."

The lease, which was for one year and is referred to and
made part of the agreed statement, provided that the lessee
should pay the lessor $150 as rental for the term of one year,
as follows:  The lessor should receive one-half of all the in-
come, increase, products and produce of every kind raised upon
the farm as soon as the same was sold until the $150 was paid.
He reserved a lien upon the same for the payment of the rent
and for the faithful performance of the contract.

It is true, as the defendant contends, that the fair im-
plication from the 5th clause in the lease, considered by itself
is, that the lessee was to have the power of sale of the products
of the farm; but that clause and the one reserving a lien must
be considered together, and a construction must not be given
the former clause that will invalidate the latter.  Full effect
must be given to both, and, giving them such effect we hold
that the power of sale was retained by the lessor until such time
as the rent was fully paid and the other conditions of the lease
were performed.

As to the effect of the lien it is not necessary to look be-
yond our own decisions for authority.  In *Smith* v. *Atkins,* 18
Vt. 461, the condition of the lease was:  "That the crops were
to be and remain the sole property of the plaintiff as a lien
and security for the payment of the rents."  In *Baxter* v.

*Bush,* 29 Vt. 465, the condition was: "That the plaintiff shall have a full lien on the crops of that year as security for the payment of the rents." The court held that there was no difference in principle between the two cases; that in each case the plaintiff was to have the sole property in the crops as a lien.

It is well settled that a lien reserved in a lease on crops to be raised places the sole ownership in the lessor until all the conditions and provisions of the lease have been fully complied with. In such cases the reservation of the lien amounts in law to a retention by the lessor of the title to the property. Such a lien is valid, not only between the parties, but as to third persons.

In this view notice to the defendant of the plaintiff's. title was not essential. It was held in *Buswell* v. *Marshall,* 51 Vt. 87, that the right of a lessor, through a lien reserved in the lease, to crops raised on premises demised for a term of years, are not, as against attaching creditors of the lessee, affected by defective registration or want of acknowledgment of the lease.

*Judgment reversed and judgment for the plaintiff to recover $53.49.*