ALBERT S. GROVER, Plaintiff, *v.* EUGENE B. NORTON, Defendant.

(Supreme Court, Monroe Special Term, August, 1920.)

Pleading — what does not state a cause of action — landlord and tenant.

> A complaint simply alleging that prior to the time when the tenancy of premises leased by defendant to plaintiff was to begin, defendant conveyed and delivered possession of the premises to a third party and that plaintiff was unable to obtain possession under his lease after demand, all to his damage in a certain sum, does not state a cause of action.

MOTION of defendant for judgment on the pleadings.

O'Brien & Powell, for motion.

O'Brien & McSweeny, opposed.

THOMPSON, J. Upon the complaint and a demurrer thereto defendant moves for judgment. The complaint alleges the letting of real property by defendant to plaintiff for a year; the subsequent sale and delivery of possession of the premises by defendant to a third party prior to the time the tenancy was to begin, and the consequent inability of plaintiff to obtain possession under his lease after demand, all to his damage of $500.

The complaint does not state a cause of action. The owner of leased property may sell it and if there is no reservation the grant conveys the lessor's interest in the lease. *Demarest* v. *Willard,* 8 Cow. 206; *Putnam* v. *Stewart,* 97 N. Y. 41.

A voluntary transfer of the reversion by the landlord neither terminates the leasehold estate nor deprives the tenant of any of his rights under the lease. *Austin* v. *Ahearne,* 61 N. Y. 6.

If the vendee has notice of the lease he takes the property subject to it. And where the lessee is in possession, the purchaser takes subject to the lease and every condition and covenant it contains although he has no actual knowledge thereof. *Chesterman* v. *Gardner,* 5 Johns. Ch. 29; *Phelan* v. *Brady,* 19 Abb. N. C. 289; *Baker* v. *Thomas,* 61 Hun, 17; 13 L. R. A. (N. S.) 96.

But where a lessor transfers to an innocent purchaser for value who had no notice of the tenancy, and nothing sufficient to put him upon inquiry existed at the time of the sale, the transfer destroys the leasehold, is a wrong to the lessee and renders the lessor liable to the lessee in an action for damages. *Williams*

v. *Young,* 78 N. J. Eq. 293; *Nichol* v. *McDonald,* 69 Ark. 341; *Staples* v. *Flint,* 28 Vt. 794.

So if a purchaser with notice takes possession before the lessee can do so, and refuses to give up possession to the lessee, he is liable in damages. 55 L. R. A. (N. S.) 192, citing *McCardell* v. *Williams,* 19 R. I. 701.

Thus we see that if this transfer was made with notice of the lease the purchaser may be held liable to plaintiff if he kept him out of possession of the premises, and if the transfer was made without the purchaser's knowledge of the lease or notice thereof, then the vendor may be held liable for his failure to give such notice. In either case the complaint is faulty; it not containing sufficient allegations of fact to make a cause of action against the defendant in the circumstances.

The motion is granted, with ten dollars costs, before notice of trial, and ten dollars motion costs, unless plaintiff serve an amended complaint within ten days from service of the order herein, with notice of entry, and pay the costs aforesaid. See *Taishoff* v. *Elkema,* 171 App. Div. 288.

Ordered accordingly.