J. H. ALSUP, ADM'R, v. R. M. BANKS ET AL.

1. LANDLORD AND TENANT.  *Death of lessee.  When lease not terminated.*
   A lease of land, where there is nothing in the contract requiring the personal presence of the lessee, is not terminated by his death.  Though this occurs the first year in a lease for five years, his estate is liable for rent during the entire term.

2. SAME.  *Surrender by administrator of lessee.  Recovery of rent.*
   In such a case the administrator of the lessee notified the lessors of his purpose to abandon the lease, to which they demurred; but they rented the land to another for the best price obtainable, first notifying the administrator that they would do this, and of their intention to hold the estate of the lessee for any deficiency in the rents.  On these facts, in a suit for such deficit, *held*, that there was no cancellation of the contract, and that the lessors could recover.

FROM the chancery court of Tunica county.

HON. W. R. TRIGG, Chancellor.

On the 4th day of December, 1888, N. M. Alsup leased from R. M. & H. Banks certain agricultural lands in Tunica county, Mississippi, for the term of five years, at and for the sum of $4290 to be paid for the year 1889, and for the remaining four years he was to pay $4417.50 annually.  The lessee took possession of the premises under this lease, and in October of the first year he died, having raised a crop on the place.  The appellant, J. H. Alsup, qualified as the administrator of his estate.  In December of that year he notified the lessors that he would discontinue the lease, as he had no authority as administrator to carry it out, and because the lease, on account of the high rent, was burdensome to the estate.  The premises were abandoned by the administrator, when the lessors rented the same to another person for three years at a lower rent.

This suit was brought against the appellant as administrator of the estate of N. M. Alsup, deceased, to recover the difference between the rent which the lessee had obligated to pay, and that for which the premises had been re-leased.  The administrator answered that the lessors had voluntarily cancelled the contract of lease, and had taken the premises back after the death of the lessee; and further, that the contract was terminated by his death.  The defendant

made his answer a cross-petition, alleging that the estate of the lessee was insolvent, and asked that the complainants should be required to pay him for the benefit of the other creditors of the estate the difference between their *pro rata* share of the assets of said estate according to the full amount of their claim, and what they were receiving as rents from the party to whom the land had been rented after it was surrendered by the administrator.

A demurrer was sustained to the cross-petition. The case went to trial on the pleadings and evidence, and a decree was rendered in favor of the petitioners for the sum of $3843.50, from which the administrator appeals.

The lease is in writing, and is in the ordinary form. The land was to be used in planting. The lessee was to be allowed for certain repairs and improvements, and was to clear up certain lands and use it free of rent. The other facts necessary to an understanding of the case are stated in the opinion of the court.

*St. John Waddell,* for appellant.

1. Did the contract abate on the death of the lessee? Where a contract is executory and the administrator can do all that the deceased could have done, it may be enforced. Woods' L. & T. § 356. But where the death of a party to a contract puts a stop to his business and leaves no legal right in his administrator, except to close it up with the least loss to the estate, no recovery can be had against the administrator. *Yerrington* v. *Greene,* 84 Am. Dec. 580.

This was an executory contract, and the administrator could not carry it out. It was a contract to carry on a plantation, and this the administrator could not do without an order of court. Chalmers' Probate L. & P. § 231 and cases cited.

2. Mr. Banks took possession, and this was *prima facie* evidence that there had been a revocation of the contract. 86 Am. Dec. 402.

Where the lessee dies, if the landlord takes possession on his own account he revokes the contract. If he takes the lease for the estate he becomes executor in his own wrong, and must account for all he makes. *Wilbourn* v. *Wilbourn,* 48 Miss. 38; *Hardy* v. *Thomas,* 23 Ib. 544.

The rule of law which refuses to allow executors in their own wrong to retain for their own debts until the other creditors are paid is based upon sound policy. 2 Blackstone Com. 511.

To allow the defendant to participate in the division of the property recovered from him, is practically to allow him to retain a share of it for his own debt, and this relieves him from the common law rule which forbids such retainer. *Baumgartner* v. *Haas*, 11 Atlantic Rep. 591.

*Perkins & Percy*, for appellees.

1. The finding of the court below that there had been no surrender was clearly right on the evidence. The case of *Bedford* v. *Terhune*, 86 Am. Dec. 402, cited by appellant, correctly states the rule. It must be proved that the lessor and lessee mutually agreed to a surrender. To the same effect is *Auer* v. *Penn*, 99 Pa. 370; S. C. 44. Am. Rep. 114. See, also, *Breuckmann* v. *Twibill*, 8 Norris, 58.

Where acts are relied on as evincing an agreement to surrender, they should be such as are not easily referable to a different motive. *Martin* v. *Stearns*, 52 Iowa, 345; see also *Thomas* v. *Nelson*, 62 N. Y. 118; 23 Minn. 508; 2 Taylor, L. & T. § 507.

Whether the administrator is personally liable where he enters after the death of the lessee, has been considered in numerous cases. It has been held that he may discharge himself from all liability by showing that the term is of no value, and that he has administered all the assets which have come into his hands. Woods' L. & T. pages 560, 561.

2. It is hardly necessary to discuss the question of executor *de son tort*. A party who intermeddles after the grant of letters is a trespasser. 7 Am. and Eng. Ency. 196; 3 Dev. & B. (N. C. L.) 87; 6 Hart & J. (Md.) 61; Williams on Executors, § 261.

WOODS, J., delivered the opinion of the court.

That the demurrer to the cross-petition was properly overruled is too clear to require any remark.

Equally non-maintainable is the proposition that the contract of lease was terminated by the death of the lessee, and that no suit

to enforce the same could be prosecuted against his administrator. That a contract of lease for a very valuable plantation, running for a term of five years, does not fall in the small class of contracts ended by the death of the lessee, is perfectly clear. The execution of this contract was not with reference to a business which could not be carried on without the personal presence of the lessee. Such a thought cannot be supposed to have occurred to the parties to the contract, for the execution of it was not at all contingent upon the continued existence of the parties, or either of them.

The remaining contention on the part of appellant rests upon the proposition that there was an annulment of the lease-contract by agreement, or by implication in law from the acts of the parties, and a surrender by the administrator. The facts are, that after the death of the lessee, and at the beginning of the second year of the term, the appellant signified to appellees his purpose not to carry out the contract, and to abandon and surrender up the premises, which was met by an expression of unmistakable unwillingness to that course by appellees; that soon afterwards appellant did abandon and vacate the premises; that appellees notified him that they would hold the estate of the lessee for the rents, according to the terms of the lease, and that they would let the premises for the account of the intestate's estate, and hold it for any deficit that might arise; that appellees, after appellant's abandonment of the premises, took possession and rented the place to others, at an annual rental less by about a thousand dollars than that agreed to be paid by the deceased lessee; that appellees did all they could to obtain the best terms in renting to others. and that the price obtained was the highest and best that could be secured.

That there was no surrender, in the sense that there was such yielding of possession of the leased premises, by mutual agreement, which worked a cancellation of the original contract, and an extinguishment of the leasehold estate, appears certain to us. There can be no reasonable inference, drawn from the facts above recited, tending even to show such mutual agreement and purpose. On the contrary, we have the expressed declaration of the unwillingness of appellees to that course, and their declared purpose, in the event

of appellants abandoning the premises, to let the same, and hold the lessee's estate for the difference between the sum thus obtained and that stipulated for in the lease-contract. On these facts the case seems manifestly against appellant's contention.

Nor do the facts that appellees took possession of the premises, after their abandonment by appellant, and rented them on the best terms obtainable, release appellant from his liability to pay as the representative of the deceased lessee, for all these acts of appellees were in the interest and for the benefit of the lessee, equally as for the interest and benefit of the lessors. There was no taking by the lessors of possession unqualifiedly and unconditionally, and a dealing with the premises in a manner inconsistent with the continuance of the unexpired lease. True, the lessor might have permitted the premises to remain vacant and untilled, and have recovered the entire rental from the lessee or his representative; but he was not compelled to take this course. He wisely and lawfully took the other course, whereby the interests of the lessee's estate were largely subserved.

The decree of the court below conforms to these views, and must be

*Affirmed.*