GRAY, Respondent, v. GRAY, Appellant.

(205 N. W. 29.)

(File No. 5433. Opinion filed August 25, 1925.)

1. **Specific Performance—Evidence—Custom—Evidence of Custom and Usage Between Landlord and Tenant Held Immaterial.**

   In suit to compel specific performance of written leasing contract by which landlord agreed to convey portion of land to tenant, evidence of custom and usage between landlord and tenant as to division of crops was immaterial.

2. **Specific Performance—Landlord and Tenant—Contracts—Leasing Contract by Which Landlord Agreed to Convey Land to Tenant Held Substantially Complied With by Tenant.**

   Leasing contract by which landlord agreed to convey portion of land to tenant at end of term held substantially complied with by tenant.

3. **Specific Performance — Equity — Leases — Lack of Mutuality in Remedy No Defense, Where Plaintiff Had Performed.**

   In suit to compel specific performance of written leasing contract by which landlord agreed to convey to tenant a portion of land at end of term, plaintiff having performed, fact that before such performance there was a lack of mutuality in the remedy was no defense under Rev. Code 1919, Sec. 2011.

4. **Specific Performance—Parties—Tenant's Widow Held Entitled to Compel Specific Performance of Leasing Contract.**

   Under leasing contract by which landlord agreed to convey to tenant a portion of land at end of term, tenant's widow, who attempted to complete performance of the contract, and whose performance defendant accepted without objection and by taking his division of the crops, held entitled to specific performance.

Appeal from Circuit Court, Brown County; HON. ROBERT D. GARDNER, Judge.

Suit by Cora R. Gray against Lewis Gray. Decree for plaintiff, and defendant appeals. Affirmed.

*E. B. Harkin*, of Aberdeen, for Appellant.

*Campbell & Fletcher*, of Aberdeen, for Respondent.

(3) To point three of the opinion, 'Appellant cited: Rev. Code, Sec. 2011; Corte v. O'Neil, 34 S. D. 241, 148 N. W. 12.

Respondent cited: Thurber v. Meves, 50 Pac. 1063; Howard v. Throckmorton, 48 Cal. 482; Ballard v. Carr, 48 Cal. 74; Os-

wald v. Nihls (Ill.), 84 N. W. 619, Magee v. Magee (Cal.), 162 Pac. 1023.

(4) To point four, Respondent cited: Volk v. Stowell (Wis.), 74 N. W. 118.

BURCH, C. On the 8th day of July, 1914, the defendant, Lewis Gray, who was the owner of five quarter sections of land in Brown county, entered into a contract with W. H. Gray to farm all of said land for him for a period of seven years. The contract was the usual leasing contract drawn and executed upon a printed form, except that it contained this paragraph:

"At the expiration of this lease December 30, 1921, for the faithful, diligent performance of all the stipulations of this contract, the said second party agrees to deed and deliver to the said first party the northeast quarter (N. E. $\frac{1}{4}$) of section four (4), township one hundred twenty-four (124) north, of range sixty-four (64) west of the Fifth P. M., containing 160 acres, more or less."

The said W. H. Gray entered upon the said premises and farmed them continuously from 1915 up to April, 1921, when he died. His widow, Cora R. Gray, plaintiff, continued in possession of the premises after the death of her husband for a period of about eight months up to the expiration of the contract, and attempted in all respects to complete the contract according to its terms. W. H. Gray died testate, and by his will demised his entire property real and personal to his widow, plaintiff in this action. Defendant refused to convey the land described in the above-quoted paragraph, and this action is brought to compel specific performance. The issues were tried to the court, and findings of fact and judgment were against the defendant. This appeal is from the judgment.

Appellant complains of the ruling of the court in excluding certain testimony offered tending to show in some minor details failure to properly till the land, and the exclusion of evidence of the usual custom and usage between landlord and tenant as to the division of the crop.

[1, 2] This action is upon a written contract, and evidence of the custom and usage between landlord and tenant was immaterial. The only complaint defendant had as to the manner of

tilling the soil was with reference to corn, which he claims was allowed to become weedy. Under the terms of the contract the said W. H. Gray was not required to plant any of the land to corn. It was optional with him to plant not to exceed 150 acres of corn, and, if he did so, no division of the crop was to be made, but all the corn crop beonged to W. H. Gray. Defendant also complains that the said W. H. Gray did not always stack the grain as provided by the contract, but the threshing was done from the shock. He does not claim that this caused damage, but says it cost more to thresh in this manner, and for that reason he ought not to have paid half the bill for threshing. If this is all the fault that can be found with the acts of the said W. H. Gray in performing the contract for more than six years, we think the trial court was right in finding that there was a substantial compliance with the terms of the contract. Each year a division of the crops and settlement were made.

[3] The only question that merits consideration is the right of the plaintiff to succeed to the rights of her husband and to maintain this action in specific performance. It is claimed that the contract is for personal services, and that, inasmuch as the defendant could not have maintained an action for specific performance against W. H. Gray had he refused to perform the contract, the remedy is not mutual and specific performance will not lie. Section 2011, R. C., provides:

"Neither party to an obligation can be compelled specifically to perform it, unless the other party thereto has performed, or is compellable specifically to perform, everything to which the former is entitled under the same obligation, either completely or nearly so, together with full compensation for any want of entire performance."

[4] Plaintiff having performed, the fact that before such performance there was a lack of mutuality in the remedy is no defense. The court found, and we think rightfully so, that there was performance of the contract by W. H. Gray up to the time of his death, and that thereafter his widow performed all of the remaining acts to be done thereunder. It may be noted that the above-quoted section does not require complete performance, but that it is sufficient if everything which the appellant was entitled

to have performed was performed or nearly so. Appellant did not ask in his pleadings for any compensation which he claims was due for a lack of entire performance. He refuses to deed the land solely because he thinks or pretends to think that in some trifling manner the said W. H. Gray failed in performance of his part of the contract. He does not offer to convey upon the payment of. any damages for failure in these matters nor to pay anything in lieu of the land. His position is not in accord with equity. Neither is there anything in his contention that plaintiff cannot succeed to the rights of her husband. She attempted to complete the performance of a seven-year contract nearly performed, and defendant accepted her performance without objection and by taking his division of the crops.

"On death of vendee before conveyance, his equitable estate passes to his heirs or devisees, and they are entitled to compel conveyance from the vendor." 36 Cyc. 764, and cases cited; Alsup, Administrator, v. Banks, 68 Miss. 664, 9 So. 895, 13 L. R. A. 598, 24 Am. St. Rep. 294.

We do not think that an extended argument or citation of authority is necessary.

The judgment of the circuit court is affirmed.

CAMPBELL, J., not sitting.

Note.—Reported in 205 N. W. 29. See, Headnote (1), American Key-Numbered Digest, Specific Performance, Key-No. 120, 36 Cyc. 786; (2) Specific Performance, Key-No. 94, 36 Cyc. 687, 786; (3) Specific Performance, Key-No. 32(2), 36 Cyc. 631; (4) Specific Performance, Key-No. 24, 36 Cyc. 764.

On Rev. Code, Sec. 2011, see annotations Kerr's Cyc. Codes, 1920, Civ. Code, Sec. 3386.