In the Matter of the Estate of EDWARD F. CONCKLIN, Deceased.

Surrogate's Court, New York County, November 28, 1933.

*Henry Woog*, for administratrix *c. t. a.*, petitioner.

*Ross, Dodge & Miller*, for The Manhattan Savings Institution, claimant.

DELEHANTY, S.   By section 207 of the Surrogate's Court Act a procedure is outlined for the presentation and eventual liquidation

of a claim which at the date of death is contingent or unliquidated. In its final sentence the section provides that if the claim is not fixed and liquidated at the time of final accounting " a sum sufficient to satisfy the claim, or the proportion to which it is entitled," shall be retained by the accounting party for such period as the court directs.

Deceased executed and delivered to a savings bank his bond in the sum of $20,000 and secured it by a first mortgage on real estate in the borough of Manhattan, New York city. This realty was then appraised at an amount which in relation to the loan principal made the latter less than sixty per cent of the appraised value. The loan was extended in 1931 and according to the terms of the extension will not be due until 1936. At the time of this extension the lending institution gave considerable weight to the reputed financial responsibility of the obligor on the bond. On October 5, 1933, a further appraisal of the real estate was had for the purpose of this application and this appraisal reports the real estate " as reasonably worth under the present conditions $22,500," of which the value of the land is said to be $17,500.

The lending institution applies to this court upon this final accounting for the reservation by the administratrix c. t. a. of at least $6,500 against its claim or that $6,500 be now paid in reduction of the principal of the mortgage loan. The affidavit in support of this application states among other things that the largest mortgage loan permissible on the present appraisal of $22,500 would be $13,500, or sixty per cent of the new appraisal.

By various legislative enactments this State has recognized an existing emergency affecting generally the marketability of real estate and has by chapter 794 of the Laws of 1933 provided that a deficiency judgment or a judgment in an action on a bond secured by mortgage on real property may be entered only for so much of the indebtednesss as exceeds the fair and reasonable market value of the mortgaged property less the amounts owing on prior liens and incumbrances. This legislation is applicable to indebtedness secured by mortgage on real estate and now due. It is a declaration of legislative policy which is relevant to this court's consideration of the immediate question.

So far as this application is in form directed to the immediate payment of some part of the principal, it cannot be granted, since that would be to anticipate the payments provided by the bargain made by the lending institution with deceased. There is nothing suggested to have existed in the bond giving a right to accelerate payment because of death of the obligor. So far as the application now made is directed to the reservation for this claim of the sum of

$6,500, it is plain that its real purpose is to furnish additional earmarked security for an indebtedness not yet due, and thereby to put upon a sound basis a mortgage loan which has become undesirable by reason of shrinkage in security.

Section 207 of the Surrogate's Court Act does not provide a method of furnishing additional security earmarked as such. All that is authorized is the holding of assets undistributed for such period as the court may determine to be fair to await the maturity of the claims or their elimination. The court has discretion in determining what fairly should be done with the funds of an estate against which contingent claims are outstanding. In reaching a determination the court must take into account the interests of distributees as well as those of claimant. If deceased were living, no process would be available to claimant to correct or modify in any aspect the present status of the mortgage loan. Concededly the interest has been paid promptly and all taxes have been paid. In that aspect the loan stands in better position than that enjoyed by thousands of other loans. The proof presented by claimant shows that in this period of grave depression, deemed by the Legislature to constitute an emergency, the fair and reasonable value of the security for this loan is in excess of the amount due thereon. In these circumstances the court does not deem that the interests of claimant require further protection or that the court's discretion should be exercised so as to require any reservation of funds.

By article 7 of the Decedent Estate Law a complete system is established for the pursuit by a creditor of the assets of a deceased in the hands of his distributees. In a situation such as that here disclosed, wherein the security even under grave conditions of business depression exceeds the amount of the debt, the court should not delay for a period of years a distribution of this estate. It may be doubted whether the court has power to exercise its discretion to reserve funds to meet a claim so shown to be secured. In any event in balancing equities as between a claimant now secure on its own showing and distributees who, if a reserve were exacted, would be kept out of their inheritance for several years the court should and hereby does deny this application. If despite the proof now furnished by claimant that it is secure there should eventuate a deficiency judgment, the distributees of the estate will be subject to action as provided in the Decedent Estate Law.

Submit order accordingly.