In the Matter of the Estate of ABRAHAM SUDEROV, Deceased.

Surrogate's Court, Kings County, October 16, 1934.

*Engel Brothers* [*J. G. Engel* and *Charles Grafman* of counsel], for the petitioners.

*Shapero & Frieder*, for a creditor.

*Sidney Golding*, for a creditor.

*Jasie & Solomon* [*William Solomon* of counsel], for a creditor.

*Frederick De Vries*, for a creditor.

*McManus, Ernst & Ernst* [*Solomon E. Star* of counsel], for a creditor.

*Louis I. Sprung,* for Thomas G. Grace.

*Carl J. Austrian,* for Bank of United States.

*Louis Ginsburg,* for a creditor.

*Shearman & Sterling* [*Milton E. Harris* of counsel], for National City Bank.

*Paul G. Gravenhorst,* special guardian.

*Joseph E. Marcus,* for Louis Kurzman, a creditor.

*Herman J. Rubenstein,* for a creditor.

*Bernard L. Swirsky,* for a creditor.

*Louis I. Zirinsky,* for a creditor.

WINGATE, S.   On this motion to confirm the report of the referee, two sets of objections are interposed to his conclusions.

The first is made on behalf of Beatrice Hoffman to the rejection of her claim.   This action of the referee is the result of the failure of the claimant to satisfy him of the existence and validity of her claim and is a pure determination of fact with which the court will not interfere.   (*Matter of Rich,* 151 Misc. 852, 856, and authorities cited; *Matter of Jones,* 139 id. 31, 37; *Matter of McNamara,* 138 id. 526, 529.)

The second objection is interposed on behalf of William T. Grace, whose claim for rental of certain premises under lease with the decedent has been allowed only partially at this time.

The decedent entered into a written lease with Aquitania Realty Corporation of certain rooms in the building at 74 West Forty-sixth street, borough of Manhattan, for a term of five years expiring on April 30, 1936, at a rental of $250 per month.   The lessor under that lease was, itself, merely a lessee of the building and on January 30, 1932, assigned its own lease to the present claimant.   Decedent remained in possession of the premises until his death on May 23, 1932, and paid the reserved rent as it accrued to the agent of the new landlord from the time of such assignment until his death. No rent was subsequently paid.   Certain effects of the estate remained in the premises until September 1, 1932, since which time they have been vacant.   The landlord has made various unsuccessful efforts to lease the space but there is no contention that any actual agreement for cancellation of the lease has been effected.

The claim of the landlord is for the rent which has accrued under the terms of the lease up to and including January 1, 1934, in the

sum of $5,000; this being in the sum of $750 for the three months from June to August, 1932, inclusive, during which estate property was on the premises, and $4,250 for the subsequent seventeen months when the space was wholly vacant. The referee has held that as to the former item of $750 a recovery should be allowed, but that the latter is a contingent claim and is not properly payable until the amount of total damage suffered by the landlord is ascertained on the termination of the lease. The claimant complains of this latter result.

The executors, whereas they have filed no objections to the report of the referee and have moved for its confirmation, have countered with the contention that no claim of any nature exists for any rental subsequent to the vacating of the premises at the end of August, 1932.

A certain amount of space has been devoted in the briefs of the opposing parties to the subject of whether or not the payment of the rental to the claimant by the decedent after the transfer to the former by the lessor of decedent of its rights under the general lease, amounted to an attornment. Under the provisions of section 248 of the Real Property Law, the question of attornment is immaterial, since by reason of its provisions consent of a tenant to become subject to the new landlord is no longer necessary. (*Matter of O'Donnell*, 240 N. Y. 99, 105.)

The lease signed by decedent provided that its several agreements and covenants should be binding both on the parties and their assigns, wherefore they became available to the claimant as the assignee of the lessor of the general leasehold of the property of which the particular rooms demised formed a part. (Real Prop. Law, § 223; *Proctor Troy Properties Co., Inc.,* v. *Dugan Store, Inc.,* 191 App. Div. 685, 688; *Stogop Realty Co., Inc.,* v. *Marie Antoinette Hotel Co.,* 217 id. 555, 560, 561; *Matter of O'Donnell,* 240 N. Y. 99, 105; *Demarest* v. *Willard,* 8 Cow. 206, 209; *Grover* v. *Norton,* 113 Misc. 3, 4.)

The question of the recovery to which the claimant is presently entitled resolves itself, therefore, merely into one of a determination of the terms of the lease. This provides expressly that the rental shall be $3,000 per year, " to be paid in equal monthly instalments of $250, on the first day of each and every month, in advance." The " eighth " paragraph stipulates, in usual form, that if the premises become vacant, the lessor may relet the premises as agent of the lessee and hold the latter liable for any deficiency resulting. In the present instance this clause is immaterial, since whereas the claimant attempted to obtain a new tenant, obviously in his capacity " as the agent of the lessee " (*Kottler* v. *New York Bargain House,*

242 N. Y. 28, 34) he was not successful in doing so, and his actions in this regard have no more bearing on the present problem than the presumable similar actions of the executors who were under an express obligation to attempt to find a tenant and thus minimize the loss to the estate on decedent's contract obligation contained in the lease. While, therefore, if the efforts of the landlord to minimize the loss of the estate might, if he had been successful in obtaining another tenant, have resulted in a termination of the present lease, it cannot be held that upon his failure in this regard he is to be viewed as assenting to a surrender. He exercised no more dominion over the property by his acts than that which is accomplished by any person who seeks to obtain a purchaser or lessee of property upon which he holds an option. *Matter of Hevenor* (144 N. Y. 271, 273); *People* v. *St. Nicholas Bank* (151 id. 592) and *Darmstadt* v. *Chandelier & El. Supply Co.* (104 Misc. 547) do not apply, since in each of these cases the premises in question were actually relet and a new lease given to another tenant, which action obviously superseded the lease to the defaulting primary tenant.

After the removal of these irrelevancies, there remains merely the indisputable fact that the decedent was under a contract obligation to pay the sum of $250 to the claimant on the first of each month beginning May 1, 1931, and ending April 1, 1936. This obligation was, for present purposes, no different than if he had signed a series of promissory notes for like amounts and with the same maturities.

The executors make the bald statement that the claim for the installments of rent, which have fallen due and remain unpaid, do not come within the definition of debts contained in subdivision 3 of section 314 of the Surrogate's Court Act. The truth of this assertion requires demonstration which is here wholly absent. Each single installment as it matures is certainly a " demand upon which a judgment for a sum of money * * * could be recovered in an action." (*Ten Eyck* v. *Houghtaling*, 12 How. Pr. 523, 528; *Tate* v. *Neary*, 52 App. Div. 78, 83; *Matter of Glass*, 134 Misc. 291, 295.) The installments of rent to fall due in the future may properly be classifiable as contingent claims in view of the rights of re-entry and termination of the lease reserved to the lessor, but the overdue amounts constitute present collectible debts and should be allowed as such.

The report of the referee will, therefore, be modified by the present allowance of the claim of Thomas T. Grace in the sum of $5,000, and as so modified confirmed.

Enter order on notice accordingly.