**MEEK et v CITY NATIONAL BANK & TRUST COMPANY**

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3061.   Decided April 5. 1940

Robert H. Hoffman, Columbus, and J. Bruce Blanchard, Columbus, for plaintiffs-appellants.

Sandles, Elliott & Ashbaugh, Columbus; Connor & Nester, Columbus; Charles A. Eberly, Columbus; Wilson & Rector, Columbus; Squire, Sanders & Dempsey, Cleveland, and Forrest F. Smith, Columbus, for defendants-appellees.

**OPINION**

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiffs' appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The following brief summary of facts will render understandable the nature of the controversy and the manner in which it arose.

On or about May 7, 1923, the present plaintiffs, together with Elizabeth L. Meek, executed a ninety-nine year lease, renewable forever, on certain described property within the City of Columbus, to Edmund P. Kelly, the consideration to be paid being the sum of $4500.00 per annum during the first five years, payable in equal quarterly installments, and thereafter stepping up at each subsequent five years to $5000.00, $6000.00, $7000.00, and finally reaching $7500.00 in 1938, and continuing at this rental for the remainder of the term.

The lease contained the terms, agreements, conditions, warranties and cove-

nants usually found in ninety-nine year leases, and further provided that all such should bind all heirs, executors, administrators, and assigns.

Within a week following, the said Edmund P. Kelly, by and with the consent of the lessors, duly assigned and transferred the ninety-nine year lease in question to the defendant, The Commerce Building & Realty Company, a corporation owned and controlled by the said lessee.

On or about November 30, 1937, the said Edmund P. Kelly died testate, leaving an estate having the apraised value of approximately $1,000,000.00. At the time of his death two quarterly installments of rent were due and unpaid, and on January 1, 1938, another quarterly installment of rent became due. Proofs of claim were duly filed with the executors for these delinquent installments of rent, and thereafter all past due installments of rent were paid by the defendant, The Commerce Building & Realty Company, and thereupon the executors disallowed the claim. No other or future defaults of any kind or character have occurred.

On or about March 31, 1938, plaintiffs caused to be filed with the defendant executors a proof of claim, setting forth the existence of said ninety-nine year lease executed by said Edmund P. Kelly, lessee, and put said defendants on notice that plaintiffs were looking to the estate and the assets thereof to satisfy and comply with the terms and conditions of said lease for the remainder of its term. This claim was disallowed by the defendant executors on April 27, 1938.

Thereafter, on October 15, 1938, plaintiffs filed their petition in the Common Pleas Court, praying for a declaratory judgment construing the rights and liabilities of plaintiffs and defendants under said lease and further asking that the defendant executors be held liable for all future installments of rent as the same became due and payable, and that such executors be directed to withhold distribution of said estate until adequate security is provided for the performance of the terms and conditions of said lease either by said execu-

tors or the distributees under the will, and further to declare the rights of plaintiffs to proceed against any and all ultimate distributees or beneficiaries of said estate to the extent of any assets which they receive from said estate and for such other and further relief, etc.

To the original petition a motion to make more definite and certain was interposed and sustained, following which an amended petition was filed, to which defendants filed the following demurrer:

"1. That the court has no jurisdiction of the subject of the action.

2. That the amended petition does not state facts which show a cause of action."

The trial court sustained the demurrer of defendants to the amended petition on both grounds and plaintiffs not desiring to plead further, a judgment was entered against plaintiffs for costs.

This is the final order from which error proceedings are now prosecuted in this court.

The assignments of error in substance question the correctness of the trial court's finding and judgment.

To grant what plaintiffs request would mean the impounding of the entire million dollar estate after the payment of the preferred claims, since the lease is renewable forever following the expiration of some eighty-three years yet to run on the ninety-nine year period.

In addition to the quarterly payments of rent, the lease also provided as part consideration, that the lessee pay all taxes and keep the premises insured.

Counsel for the respective parties have provided us with very able and comprehensive briefs. The research of counsel has been so complete that we think it is safe to say that the subject is exhausted.

Strange to say, the Supreme Court of Ohio has never been called upon to decide the identical question raised in the instant case.

It is a matter of common knowledge, at least to lawyers and courts, that similar ninety-nine year leases are very common in Ohio, particularly in the larger cities. Most generally, leases of this character cover property of very high value. That factual situations similar to the instant case have arisen in Ohio during the many years of ninety-nine year leases is obvious.

We are referred to two cases, one before the Common Pleas Court of Cuyahoga County (unreported) and the second before the Probate Court of Franklin County (reported), both involving similar questions, and in both cases the trial court held against the lessor. These cases will be referred to more in detail later.

Counsel for the appellants, in their brief, spend much time and space and cite many Ohio authorities supporting certain primary and fundamental principles relating to leases and the obligations of parties thereto under varying conditions.

Starting with these well recognized and established principles as the premise, the brief then proceeds with much logic and persuasive reasoning to state that plaintiffs should have the remedy extended so as to afford relief against lessee's estate.

Counsel, in their brief, list as their primary and fundamental principles the following, all listed under separate headings, with supporting authorities:

A

"Liability of Lessee. Continuous after assignment; Basis of liability is privity of contract and privity of estate is not necessary."

Tiffany on Landlord and Tenant, page 1835, Sec. 294;
Sutliffe v Atwood, 15 Oh St 186; par. 2 of Syl. and page 194 of Opinion;
Lodge v White, 30 Oh St 569-574;
Taylor v DeBus, 31 Oh St 468-471;
Smith v Harrison, 42 Oh St 181-184.

B

"The lessee continues liable for future rentals although assignment made with knowledge of lessor and rent accepted from assignee."

24 O. Jur., page 1032;
Taylor v DeBus, 31 Oh St 468-471;
Columbus Gas & Fuel Co. v The Knox Oil & Gas Co., 91 Oh St 35;
Blosser v Enderlin, 113 Oh St 120; Par. 3 of Syl., Opinion page 134;
Spitz v Nunn et, 34 Oh Ap 397; Pars. 1 and 2 of Syl., pages 399 and 400 of Opinion.

C

"Death of lessee does not release estate from liability on express covenant to pay rent; personal representatives of distributees liable to extent of assets of estate."

Becker v Woolworth, 45 Oh St 169, 171, 172-174;
Taylor v DeBus, 31 Oh St 469-471;
Lawson v Brown, 104 Oh St 537;
Broadwell v Banks, 134 Fed., 470-474;
Scott v Lunt, 21 Fed. Cases, 842, 843, 844;
Wade et, Executors v March, 39 Oh Ap 111-116-7;
35 Corpus Juris, 994-995;
Dean v King, 22 Oh St 118-134;
In re Miller's Estate, 173 Wis. 322;
Israel v Beal (Mass.), 169 N. E. 777;
Miller v Ready, 59 Indiana Appeals 195;
Brigham v Keddle, 99 N. J. L., 79;
Sou. Pacific Co. v Swanson, 73 Cal. Appeals 229-234;
Alsup, Admr. v Banks et, 68 Miss. 664.

D

"Liability can not affect release contrary to the manifest intention of parties; contract of parties must govern and liability thereunder continues for duration of term unless otherwise specifically provided."

Schouler on Wills, 6th Ed., Vol. 3, page 2370; Pars. 27, 28 and 29;

Gusman et v Mathews, 29 Oh Ap 402-414;

Realty Board Investors, Inc. v Oliver, 31 Oh Ap 105-112;

S. S. Kresge Co. v Sears, 87 Fed. Rep. 2d Series, 135-139;

Taylor v DeBus, 31 Oh St 468-471.

In none of the cases cited under headings A, B, C, and D was the question involved as presented in the instant case.

In each and every instance where the question of liability for rent was raised, installments of rent were past due and unpaid.

It is a well recognized rule that when the courts promulgate any principle of law it must be considered in the light of the factual questions involved. The cited cases are only valuable as precedents where we are dealing with similar facts or through analogy.

If the lessor, Edmund P. Kelly, were living no action could be maintained against him at the present time under the facts set out in the petition. If, for the purpose of illustration, such an action were brought, plaintiffs would have to establish several elements before they would have a right of recovery. One of the essential elements would be the existence of a contract, and this element would be very easily proven, and the legal principle would be given application that the basis of the action was under privity of contract and not necessarily privity of estate. There would not be a defense that Kelly had assigned his lease with the knowledge and consent of the lessors and had accepted rent from the lessee, unless it should appear that it was the manifest intention of the parties that Kelly should be released. The contract would likewise be construed as continuing; but there is one essential element that could not be proven and that is that there were any defaults at the time of bringing the action or anything due. Likewise this liability would extend against the administrator for defaults existing at the time of the death of the lessee. Some authorities hold, although not universal, that the liability extends against the personal representative so long as assets remain in the estate. These principles are announced in cases where there was a default, which element is not present in the instant case.

No claim is made that a money judgment could be obtained at this time.

During the lifetime of Mr. Kelly, no lien existed against his personal estate. He was at liberty to deal with it as he pleased. It might have been dissipated through hazardous investments or otherwise. The lessor held no other security than the leasehold. The lease contained the usual provision for re-entry at the lessor's option on the enumerated defaults.

This brings us to the question as to whether or not, following the death of Mr. Kelly, lessors may assert any rights against his estate in the absence of any default.

If any such right exists, !it must be provided under the Code. Counsel for appellants contend that §§10509-124 and 10509-148 GC, provide the remedy. Compliance with other provisions of the Code are alleged in the petition as conditions precedent to the institution of the present action. The pertinent portion of §10509-112 GC, reads as follows:

"Creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within thirty days after their presentation."

It is the allegation of the petition that a claim predicated on the ninety-nine year lease was duly presented as a claim not due within four months, and that the executor duly rejected the claim.

We are also referred to §10509-133 GC, the pertinent portion of which reads as follows:

"When a claim against the estate of a deceased peson has been presented to the executor or administrator, and has been rejected by him in whole or in part, but not referred to referees, * * *

the claimant * * * must commence an action thereon within two months after receipt of actual notice of such rejection * * *. or within two months after some part of it becomes due, or be forever barred from maintaining an action thereon."

It is pointed out that action was not and could not have been brought under this section for the reason that no part of the claim had become due.

The section upon which counsel for plaintiffs place their principal reliance is §10509-124, which reads as follows:

"10509-124. **Debts not due.** Debts not due may, and on demand of the holders shall, if assets are available therefor, be paid by an executor or administrator, according to the class to which they belong, after discounting the legal interest upon the sum paid for the time unexpired, if the claim does not bear interest before maturity. If the creditor whose claim is not due refuses to accept payment as herein provided, the executor or administrator shall set apart sufficient assets to satisfy it, * * *."

Sec. 10509-148 reads as follows:

"10509-148. **Action accruing after nine months.** A creditor whose right of action does not accrue within nine months after the date of. the appointment of the executor or administrator, may present his claim to the court from which the letters issued, at any time before the estate is fully administered. If, on examination thereof, it appears to the court that the claim is justly due from the estate, by consent of the creditor, and executor or administrator, it may order the claim be discharged, as if due after discounting interest, or that the executor or administrator retain in his hands sufficient to satisfy it. * * * "

It is our conclusion that this last section cannot be substantive aid to the plaintiffs for the reason that by its language it prescribes a procedure to be had before the Probate Court and not the Common Pleas Court. The allegations of the petition as to the presentation of the claim and the rejection thereof may be explanatory as to why the procedure prescribed in -148 was not followed. The argument is made in the brief that since the above section, -148, provides that the Probate Court can only make the order by and with the consent of the executor or administrator, and the executor having denied the claim, this would prevent proceeding under -148.

This brings us to the conclusion that plaintiffs' remedy must be obtained under §10509-124 GC, or not at all. The section is clear and unambiguous. The first three words are important, and the instant case turns on the question as to whether or not plaintiffs' claim may be construed to be a **"debt not due."**

It is our determination that it is not a debt at all. It is no more than a contingent claim which may never be due. It never was in the contemplation of the parties to the ninety-nine year leasehold that upon the death of the lessee his estate should be impounded forever as security for possible defaults. The term, "debt not due," has reference to an entirely different class of claims. A promissory note due in the future is a typical example of such a debt. The obligation is positive and not contingent. It becomes due at a definite time and is not in a contingent class that may never become due. Many other obligations might be listed as constituting debts not due. In the instant case the payment of rents by the assignee of the lessee is only one of the many provisions of the lease which render the claim contingent. While it is true that the Ohio Supreme Court has decided that the basis of liability is privity of contract and not privity of estate, it must be kept in mind that this principle was announced where there was an existing default during the lifetime of the lessee. The factual situation in the instant case requires the promulgation of a different principle. The lessee, Kelly, with the consent of the lessor, assigned the lease to the defendant, Commerce Building & Realty Company, a corporation,

and thereafter there was not privity of estate between the lessors and Kelly. Of course, upon a default the liability of Kelly would be on his contract, regardless of **privity** of estate; but in the absence of default under a ninety-nine year lease, mere privity of contract in the absence of privity of estate, would not render plaintiffs' asserted claim a debt, as contemplated under §10509-124 GC. It must be kept in mind that the ninety-nine year lease, renewable forever, was a freehold estate, so designated by §10509-11 GC. It is stated in said section that such a lease is subject to the same law of descent as estates in fee. Had the lease not been assigned, there still would not be privity of estate with the executor or administrator. Under the law of descent and distribution it would have passed to the widow and the heirs. We repeat again that in the event of default nothing more than privity of contract would be essential, but where it is desired to impound the lessee's estate forever, privity of estate becomes important. We do not mean to say that if privity of estate were present in the instant case that plaintiffs would be entitled to relief, but we do clearly assert that it is an added reason for our holding that plaintiffs' petition does not show his claim to be a debt not due.

Counsel for plaintiffs seem to attach some significance to the fact that the lease under its terms bound not only the lessor and their lessees, but also their respective heirs, executors, administrators, and assigns. In our judgment the words "administrators and executors" add nothing to the legal effect of the instrument. The words "heirs and assigns" were proper, since a freehold estate was being conveyed. The liability or obligations of. the lessee were not increased by reason of the words "administrators and executors".

In 1932 the Probate Court of Franklin County had under consideration a very similar question in the case of **In re Estate of William E. Heskett,** deceased, reported in **10 OO 434.** Judge McClelland rendered the opinion, and the context shows a very able and careful analysis. The petitioners were seeking to have the Probate Court require the executor to retain in her hands a sufficient amount of the assets of the estate to meet claims as if and when they might fall due by virtue of the terms of a ninety-nine year lease, renewable forever. Syllabi 1 and 2 read as follows:

"1. The provisions of former §10748 (now §10509-148) GC, do not contemplate claims falling due in the future under a ninety-nine year lease, renewable forever, as contingent claims."

"2. Where a lessee devises the lease to his wife, there is no privity of estate between the original lessor and the personal representative of the deceased lessee, and the terms of the lease are not binding upon his personal representatives for any defaults occurring after the death of the lessee."

A demurrer to the petition was sustained and the action dismissed.

At a later date, to-wit, December, 1936, the same court had under consideration a similar question in distinguishable facts, and is found reported in **10 OO 489,** the title being **In Re Estate of William A. Method, deceased.** In this case the court granted the prayer of the petition. The liability was one on suretyship on a promissory note. The opinon very clearly demonstrates that plaintiffs' claim would come within the the class of debts not due.

Reference has also been made to the unreported case of **The Central National Bank of Cleveland, Trustee v Emma Kunz et.** Neither copy of opinion nor record has been made available to us and since counsel are diametrically opposed on the factual questions involved, we give no consideration to this case whatever.

The question has been considered by courts of last resort in other jurisdictions, and there is a wide difference in their determinations. These other states have impounding statutes, some of which are very similar to the Ohio sections, while others present wide differences. Probably the appellants'

strongest case is that of In re Ross Estate, Jewell v Macfarland (Kansas) 40 Pacific (2d) 330, and supplemental decision in 50 Pacific (2d) 839. In this case the impounding statute was very similar to our section. The syllabus and opinion very strongly support the contention of appellants in the instant case. The opinion calls attention to two legislative enactments which evidently had some effect on the court in making its pronouncement. One section in substance provides that in case of death of one or more obligors the joint debt or contract shall survive against the heirs, executors and administrators of the deceased obligor, as well as against the survivor. The law in Ohio is in line with the above legislative enactment of Kansas.

The next section does not have its parallel in Ohio. In substance it reads that executors and administrators shall have the same remedies to receive rents and be subject to the liabilities to pay them as their testator or intestate.

Under certain factual situations the above principle would be applicable in Ohio, but not in all situations. The above Kansas enactment would probably be given application without exception.

Other cases called to our attention are in line with the decision of the Supreme Court cases. We have examined each and every one of these cases, but do not deem it necessary to make further comment.

As heretofore indicated, we are committed to the rule denying right to impound under the facts of the instant case.

The Supreme Court of Missouri had under consideration a kindred question in the case of Elms Realty Company v Wood (Mo.), 225, S. W., 1002. The following excerpt from the opinion presents the reasoning of the court:

"Is future rent not accrued nor due under a lease for years such a demand as was contemplated by this section? We do not think so. The demand here contemplated is one which while not due, will surely become due and the present amount or value of which can be determined, and not a contingent or simply possible demand which may never become due, and which there is no known or legal basis for adjusting or determining as equivalent to a certain amount due. The purpose of the Statute was to convert demands not due into their present value and render judgment therefor so that such demands could be paid by the administrator and the administration closed."

In the case of Bowler v Emery, (R. I.), 70 Atlantic, page 7, the Supreme Court of Rhode Island held that future installments of rent under a ninety-nine year lese would not constitute a provable claim against the estate as contemplated under §922 of the Court and Practice Act. The Rhode Island section under consideration read as follows:

"Sec. 922. A person who has a contingent claim against a deceased person which cannot be proved as a debt within the time allowed for filing claims may file his claim in the office of the clerk of the probate court within the time allowed for filing claims. If, upon examination, it appears to the court that such claim may become justly due from the estate, the probate court shall order the executor or administrator to deposit in the registry of the court assets sufficient to satisfy such claim or its proportionate share in case of insolvency of the estate."

It will be noted that the above section refers to contingent claims. The court's holding that it was not such a contingent claim as contemplated under the section could not be construed that the court was determining generally that it was not a contingent claim.

Other cases which are more or less supporting for our conclusion are the following:

In re Littleton's Estate, 223 N.Y.S. 470;

In re Concklin's Estate, 268 N.Y.S. 348;

In re Suderov's Will, 274 N.Y.S. 621;
Howard, Trustee v Hortense, 356 Ill. 80;
Chicago Title & Trust Co. v Fine Arts Bldg., 288 Ill. 142;
Bocock, Admr. v Leet, 210 Ill. Ap. 402;
S. Milwaukee Co. v Murphy, 112 Wis. 614;
Terhune v White, Exec., et al, 34 N. J. Eq. 98;
Dunn v Sublett, Admr., 14 Texas 521;
Franklin v Parks, 188 Pac. 334;
Words and Phrases, Vol. 2, page 410.

Throughout the consideration of this case we have had in our minds the query as to whether or not the trial court should not have overruled the demurrer and entered a declaratory judgment, even though the effect of such judgment would have been a determination that plaintiffs could have no case for affirmative relief. We now think this would have been preferable procedure, but we are unable to say that the court was in error in sustaining the general demurrer to plaintiffs' petition.

The judgment and finding of the trial court will be affirmed. Exceptions will be allowed to appellants.

HORNBECK, PJ. & GEIGER, J., concur.