Theodore Goumas appeals the decision of the Summit County Court of Common Pleas, which rendered adverse judgments on his counterclaims and cross-claims.
 I.
On April 14, 1990, George Baker signed a purchase agreement with Michael and Judith Fish to purchase a vacant residential corner lot ("Lot 28") located adjacent to the Fish home in Bath Ohio. The Fishs wanted to ensure that any house eventually built on Lot 28 would face the corner of the lot bordered by Sanctuary Drive and San Pier Drive. This would allow maximum privacy for the Fish residence ("the residence"). They also wanted the right of first refusal to re-purchase the vacant lot, if Baker chose not to build on the property. These restrictions were listed in the contract for purchase and sale of Lot 28. On April 20, 1990, the Fishs conveyed Lot 28 to George Baker and his wife Nancy by warranty deed and the deed was recorded on April 25, 1990. The deed itself did not contain any restrictions. The Fishs did not read the deed carefully and were not aware that the restrictions were missing from the deed. Nancy Baker, who did not sign the purchase agreement, was not aware that Lot 28 was ever intended to be burdened by these restrictions.
In November 1990, the Fishs decided to sell their residence. Lydia and Joseph Martha wanted to buy the residence, but were concerned about vacant Lot 28. Mr. Fish advised them of the restrictions noted above especially those designed to ensure privacy for the residence. Mr. Fish showed the Marthas the signed real estate contract for Lot 28 that listed the restrictions. In April 1991, the Marthas purchased the residence. Neither the purchase agreement nor the deed for the residence contained any references to restrictions imposed on Lot 28.
On November 17, 1997, appellant Theodore Goumas entered into a contract with Nancy and George Baker to purchase Lot 28. Nancy and George had divorced and Nancy had listed the lot for sale pursuant to a divorce decree ordering the sale of marital property. At the time of the contract, George Baker was residing in Florida. Goumas wanted to purchase Lot 28 to build a house for his parents and other elderly relatives. To accomplish this, Goumas planned to build his house in a manner not in compliance with the restrictions in the 1990 sales contract for Lot 28. Goumas deposited $10,000 to secure the contract and in March 1998, Goumas paid the balance of the $128,500 purchase price.
In early 1998, Goumas discussed with the Marthas his plan for building his house. The Marthas were concerned that Goumas' building plans did not comply with the restrictions on Lot 28. The Marthas called Mr. Fish to refresh their recollection as to the restrictions. Again, Mr. Fish assured the Marthas that the contract with George Baker included restrictions that conflicted with Goumas' building plans. On March 16, 1998, the Fishs assigned to the Marthas the right of first refusal to purchase Lot 28.
In early March 1998, Midland Title Company, which was assigned to handle the closing and to issue title insurance on Lot 28, allegedly advised Goumas that Midland would not issue title insurance on Lot 28 because the alleged restrictions contained in the April 1990 sales contract for Lot 28 clouded title to the property.
In November 1998, Nancy Baker filed a complaint in the common pleas court, seeking a declaratory judgment to the effect that there were no restrictions on Lot 28, due to the doctrine of merger by deed. Nancy named as defendants the Fishs, the Marthas, George Baker, and Goumas. Goumas counterclaimed against Nancy Baker for breach of contract, slander of title, and intentional interference with contract. Goumas filed a cross-claim against George Baker for slander of title, intentional interference with contract, breach of contract and indemnity and contribution. Goumas filed a cross-claim against the Fishs, for slander of title, intentional interference with contract, breach of warranty and indemnity and contribution. Goumas cross-claimed against the Marthas for trespass, slander of title, intentional interference with contract, and indemnity and contribution. The Marthas filed a cross-claim against the Fishs for negligence, fraud and breach of contract. The Marthas filed a cross-claim against George Baker for breach of contract. The Marthas also filed a counterclaim against Nancy Baker for breach of contract.
The parties conducted several depositions. Nancy, George, and the Fishs each separately moved for summary judgment against the Marthas' claims. The court then ordered all motions for summary judgment to be filed by July 12, 1999 and set a trial date of July 22, 1999. On September 28, 1999, the Marthas filed both a motion for leave to file summary judgment against Goumas' cross claims and the summary judgment motion itself. Goumas did not respond.
On November 30, 1999, the trial court dismissed the complaint for declaratory judgment, finding that there were no special restrictions on Lot 28, based on the doctrine of merger by deed. The court also granted Nancy's, George's, and the Fishs' motions for summary judgment against the Marthas' claims. The court granted the Marthas' motion for summary judgment against Goumas, and the court dismissed Goumas' cross-claims and counterclaims against Nancy, George, and the Fishs as "moot."
Goumas filed a Civ.R. 60(B) motion for relief from the grant of summary judgment to the Marthas. Before the trial court ruled on the Civ.R. 60(B) motion, Goumas filed a notice of appeal to this court. The next day the trial court denied the Civ.R. 60(B) motion.
Goumas assigns four errors in the instant appeal. We have rearranged them for ease of discussion.
 II. ASSIGNMENT OF ERROR NO. 4:
 THE TRIAL COURT ERRED IN FAILING TO GRANT THE GOUMAS MOTION FOR RELIEF FROM JUDGMENT.
Goumas filed his notice of appeal with the trial court prior to the court's rendering a decision on the Civ.R. 60(B) motion. "When an appeal is pending, the trial court is divested of jurisdiction except to take action in aid of the appeal." McAuley v. Smith (1998), 82 Ohio St.3d 393,395, citing Daloia v. Franciscan Health Sys. of Cent. Ohio, Inc. (1997),79 Ohio St.3d 98, 101-102, fn. 5, and State ex rel. East Mfg. Corp. v.Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179, 181. Goumas did not seek leave from this court to stay the instant appeal and remand the case to trial court to consider the Civ.R. 60(B) motion. Because the trial court no longer had jurisdiction, its "judgment" on the Civ.R. 60(B) motion is a nullity. Goumas' fourth assignment of error is therefore overruled as moot because, as to the Civ.R. 60(B) motion, there is no valid trial court decision to appeal.
 III. ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED WHEN IT DISMISSED THE GOUMAS CLAIMS AGAINST DEFENDANTS FISH SUA SPONTE WITHOUT NOTICE TO GOUMAS OF AN INTENTION TO SO RULE.[1]
The trial court dismissed Goumas' claims against George, Nancy and the Fishs as "moot" once the court determined that there were no restrictions on Lot 28, pursuant to the doctrine of merger by deed.
 The doctrine of `merger by deed' holds that whenever a deed is delivered and accepted `without qualification' pursuant to a sales contract for real property, the contract becomes merged into the deed and no cause of action upon said prior agreement exists. The purchaser is limited to the express covenants of the deed only.
37 Robinwood Associates v. Health Industries, Inc. (1988),47 Ohio App.3d 156, 157-158. None of the parties has appealed the court's determination that the restrictions originally appearing in the April 1990 contract between the Fishs and George Baker were no longer valid because they were never incorporated into the deed. Thus, we presume the correctness of the trial court's determination of this issue.
The trial court dismissed rather than determined Nancy Baker's original claim for declaratory judgment. It is error for a trial court to dismiss a complaint requesting a declaratory judgment unless it states that either (1) there is no real controversy or justiciable issue between the parties, or (2) the declaratory judgment will not terminate the controversy. Miller v. Summit Cty. Bd. of Edn. (Apr. 7, 1993), Summit App. No. 15847, unreported, at 3, citing Fioresi v. State Farm Mut. Auto.Ins. Co. (1985), 26 Ohio App.3d 203, 203-204. The trial court here did not make either statement. However, the trial court's dismissal constitutes harmless error "if, in its judgment, the trial court has actually granted the declaratory relief requested by the plaintiff."Weyandt v. Davis (1996), 112 Ohio App.3d 717, 721, citing Miller, supra,
and Meek v. City Natl. Bank Trust Co. (1940), 65 Ohio App. 349, 362. In the instant case, it was harmless error to dismiss Nancy's claim for declaratory judgment, because the trial court actually determined the legal issue sought to be resolved.
However, the trial court erred in disposing of Goumas' claims against the Fishs. The court both dismissed these claims as "moot" and it determined that, although the Fishs had not moved for summary judgment, there were no genuine issues of material facts to prevent judgment in favor of the Fishs. This court has noted that "Civ.R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party." Lathwell v. Lorain County Jobs for Ohio's Graduates, Inc. (May 10, 2000), Lorain App. No. 99CA007303, unreported, at 4, quoting Marshallv. Aaron (1984), 15 Ohio St.3d 48, syllabus. Without having before it a motion for either summary judgment or a dismissal pursuant to Civ.R. 12(B)(6), the trial court erred in granting judgment to a non-moving party. Lathwell, Lorain App. No. 99CA007303, unreported, at 3-4.
Goumas' first assignment of error is sustained.
 IV. ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED PROCEDURALLY TO THE PREJUDICE OF APPELLANT IN GRANTING THE MOTION FOR SUMMARY JUDGMENT ON THE MERITS FILED BY DEFENDING PARTIES JOSEPH 
LYDIA MARTHA WITHOUT GRANTING THE MOTION FOR LEAVE TO FILE THE MOTION FOR SUMMARY JUDGMENT BY DEFENDING PARTIES JOSEPH LYDIA MARTHA.
In his second assignment of error, Goumas argues that the trial court erred in addressing the merits of the Marthas' summary judgment motion without first granting leave to the Marthas to file for summary judgment, thus giving Goumas notice that he needed to respond to the merits of the motion. Goumas points to Civ.R. 56(A) which provides that once a date has been set for trial, a summary judgment motion may be filed only by leave of court. Civ.R. 56(C) also provides that the non-moving party has fourteen days in which to respond to the motion.
However, where the moving party moves for leave to file a summary judgment motion, the non-moving party must act to preserve his rights by filing either a motion to strike or a response to the summary judgment motion. See Lawrenszuk v. Nationwide Ins. Co. (1977), 59 Ohio App.2d 111,115; Dokes v. Cunningham (Jan. 18, 1995), Summit App. No. 16842, unreported, at 4-5; Culbertson v. Salser (Dec. 22, 1999), Summit App. No. 19487, unreported, at 3.[2] Although Goumas contends that this court has rendered inconsistent decisions in the above cases, we disagree. Where a non-moving party has opposed the filing of an untimely summary judgment motion, the court must rule on the non-moving party's motion to strike. If the court refuses to strike, it must give the non-moving party fourteen days to respond to the summary judgment motion. See Dokes, Summit App. No. 16842, unreported, at 4-5. On the other hand, where the non-moving party has not moved to strike the untimely filing, the court has before it an unopposed motion for leave to file the summary judgment motion. In such a case, the trial court may grant both the motion for leave and rule on the merits of the summary judgment motion, without affording the non-moving party further opportunity to respond. See Lawreszuk, 59 Ohio App.2d AT 115;Culbertson, Summit App. No. 19487, unreported, at 3.
The Marthas' motion for leave to file put Goumas on notice that he must at least respond to the motion for leave. Because Goumas did not move to strike the Marthas' motion for leave, the trial court did not err in ruling on both the leave and the summary judgment motion without further notice to Goumas.
Goumas' second assignment of error is overruled.
 V. ASSIGNMENT OF ERROR NO. 3:
 THE TRIAL COURT ERRED WHEN IT GRANTED JUDGMENT IN FAVOR OF DEFENDANTS MARTHA ON THEIR MOTION FOR SUMMARY JUDGMENT.
To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To accomplish this, the movant must be able to point out to the trial court "evidentiary materials [that] show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Id. at 293. If such evidence is produced, the non-moving party must proffer evidence that some issue of material fact remains for the trial court to resolve. Id.
An appellate court reviews an award of summary judgment de novo and, like the trial court, must view the facts in the case in the light most favorable to the non-moving party. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
Where the non-moving party would have the burden of proving all of a number of elements in order to prevail at trial, the moving party in the summary judgment motion may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See e.g.,Stivison v. Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499. If the moving party meets this burden of proof, the burden then shifts to the non-moving party to show that there is a genuine issue of material fact as to that element. Dresher, 75 Ohio St.3d at 293.
 A. Slander of Title
On the slander of title claim, the Marthas moved for summary judgment on the basis that Goumas was not the owner of record of Lot 28 at the time that he filed his cross claim. The Marthas pointed to evidence in the record that established that Nancy and George still owned the property at the time that Goumas filed his cross-claim. The Marthas argued that because Goumas did not have title to the property he lacked standing to sue for slander of title.
This court has defined slander of title action as "a defamation action in tort against one who falsely and maliciously defames the property of another." Smith Electric Co. v. Rehs (Feb. 18, 1998), Summit App. No. 18433, unreported, at 3, citing Consum. Food Indus., Inc. v. Fowkes
(1991), 81 Ohio App.3d 63, 72 and Michaels Bldg. Co. v. Cardinal Fed. S. L. Bank (1988), 54 Ohio App.3d 180, 183. To prove slander of title, the plaintiff must show that a false statement was made, published maliciously, and the false statement resulted in a special pecuniary loss to the property holder. Smith Electric, Summit App. No. 18433, unreported, at 3-4, citing Childers v. Commerce Mortgage Investments
(1989), 63 Ohio App.3d 389, 392.
The Marthas met their Dresher burden to show that there were no genuine issues of material fact, that Goumas did not have title to the disputed property, and thus lacked standing to cross-claim for slander of title. Because Goumas failed to respond to the summary judgment motion, the trial court appropriately granted the Marthas summary judgment on the slander of title claim.
Goumas' third assignment of error is overruled as to the grant of summary judgment on the claim of slander of title.
 B. Intentional Interference with Contract
To prevail on the intentional interference with contract claim, Goumas will have to prove "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages." Kenty v. Transamerica Premium Ins. Co. (1995), 72 Ohio St.3d 415, paragraph two of the syllabus. In the instant case, it is undisputed that there was a contract between Goumas and the Bakers, and that the Marthas knew about it. Goumas claimed that because he was unable to secure title insurance because of the alleged restrictions, the contract was not fully executed, with resulting damages.
In their motion for summary judgment, the Marthas argued that Goumas could not present evidence that the Marthas interfered with the contract with the intent to induce breach. They also argued that they were justified in believing there were restrictions on Lot 28. Mrs. Martha testified in her deposition that she did tell a number of other persons about the alleged restrictions on Lot 28. She could not recall to whom she spoke of the matter. Goumas had not yet solicited testimony from employees of Midland Title concerning how they came to learn of the restrictions that were contained only in a contract that was not recorded. Thus, there was a genuine issue of material fact whether the Marthas made false statements about the lot with the intention of inducing breach of the contract.
As to the issue of lack of justification, the trial court determined that any restrictions failed because they were never included in the deed. The Marthas admitted that they never conducted a title search on Lot 28, either before or after purchasing the residence, to determine whether the restrictions alleged to burden Lot 28 were actually included in the deed.
Viewing the facts in the light most favorably to the non-moving party, Goumas had a contract to purchase the property and the contract was never fully executed due to the cloud on the title. The Marthas' motion for summary judgment simply states that "there is no testimony that the Marthas made any representations to third parties." However, as discussed above, Mrs. Martha did state that she discussed the alleged restrictions with other persons. Thus, there remain genuine issues of material fact concerning to whom such representations were made, and for what purpose. The Marthas have not met their Dresher burden to show that they are entitled to judgment as a matter of law. The trial court erred in granting summary judgment, and Goumas' third assignment of error is sustained as to the claim of interference with contract.
 C. Trespass
Goumas sued the Marthas for trespass because the Marthas planted trees on Lot 28, in the belief that the trees were planted within the bounds of their own property. The trees were planted in 1992. Goumas' trespass claim states that the Marthas continue to "claim ownership and control" of the trees, and as such they are engaging in a continuing trespass.
In their motion for summary judgment, the Marthas point to the elements of trespass, which are (1) an unauthorized intentional act, and (2) entry upon land in the possession of another. Brown v. Scioto Cty. Bd. ofCommrs.(1993), 87 Ohio App.3d 704, 716. In moving for summary judgment, the Marthas stated that "any trees which the Marthas planted on [Lot 28] were planted before the property was owned by Mr. Goumas." Although an action for trespass may also be maintained by a person with legal possession of the property, there was no evidence that Goumas had legal possession at the time of his cross-claim.
Viewing the facts in the light most favorable to Goumas, the Marthas intentionally planted trees on Lot 28 but Goumas did not have legal possession of Lot 28 at the time he cross-claimed for trespass.
The Marthas are entitled to judgment as a matter of law on this claim, and the trial court appropriately granted them summary judgment. Goumas' assignment of error on the trespass claim is overruled.
 D. Indemnification and Contribution
Goumas filed a claim against the Marthas for indemnification and contribution. The Marthas did not move for summary judgment on this claim. As a consequence, the trial court erred in granting summary judgment on a claim for which the Marthas were a non-moving party. Goumas' third assignment of error is sustained as to this claim.
 VI.
This court has sustained Goumas' first assignment of error because the trial court erred in dismissing Goumas' claims against the Fishs suasponte. We sustained the third assignment of error in part, finding that the trial court erred in granting summary judgment to the Marthas on the claim of intentional interference with contract and indemnification. We have overruled assignment of error number three in part because the Marthas were entitled to summary judgment on the claims of slander of title and trespass. We have overruled Goumas' second assignment of error because the court did not abuse its discretion in considering together the Marthas' motion for leave to file and their motion for summary judgment at a time when both motions were unopposed. We have overruled as moot Goumas' fourth assignment of error on the Civ.R. 60(B) motion.
The judgment of the trial court is affirmed in part, reversed in part, and the cause is remanded for further action consistent with this decision.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
SLABY, J., CONCURS.
[1] Goumas does not appeal the trial court's sua sponte dismissal of his claims against Nancy and George Baker. Goumas attached to his Civ.R. 60(B) motion his affidavit stating that he had entered into a settlement agreement with Nancy and George Baker on July 6, 1999. Goumas attached a copy of this agreement, which provided that the sale of Lot 28 would be completed as soon as possible, with the purchase price reduced by $5,000. Nancy and George each assigned their claims in this litigation to Goumas. Goumas agreed to dismiss his claims against Nancy and George with prejudice. However, Goumas never filed a notice of voluntary dismissal of his claims against George and Nancy with the trial court. Thus, at the time the trial court dismissed Goumas' claims against Nancy and George, the record before the trial court was that Goumas' claims against George and Nancy were still extant.
[2] But see Carpet Barn Tile House v. CHS, Inc. (Jun. 5, 1997), Cuyahoga App. No. 71821, unreported, holding that the trial court can overrule a motion to strike and grant summary judgment at the same time.